NEW-YORK, Nov. 1805.

Gilbert v. Field.

ceeded on the ground of its being a sale by an executor, therefore to be considered as a sale by due course of law, and not as the voluntary act of the party, which alone the statute was meant to prohibit. All slaves imported under the act of 1788 had a clear legal right of not being sold to any new master, and to be free if they were so sold. This right is preserved by the clause in the repealing statute of 1801. That law did not change the situation of slaves ; it preserved all their rights entire. As to the manumission, it ought to have been by way of covenant. There is no making free *in futuro.*

## Ezekiel Gilbert *against* Joseph C. Field.

CASE for words spoken of the plaintiff in his character of attorney, and a member of the legislature.

The declaration, after the formal introductory matter of good fame, &c. without alleging any *colloquium* respecting the profession of the plaintiff stated, with the proper *innuendos* that the defendant had said " I have frequently seen " him as drunk as a coot in the assembly of this state ; in the " assembly while a member thereof ; that he was unfit for a " member of the assembly, and if his character were known " to the electors of the county of *Columbia*, they would not " elect him to represent them in the assembly ; for during " the last session of the assembly, and while a member there- " of, I have seen him a number of times come into the as-

*In an action for words spoken of an attorney, the declaration must allege a colloquium respecting his profession, or it will be fatal on a motion in arrest of judgment. So if two grava- mina be sta- ted, one of which affords us cause of ac- tion, and en- tire damages be given, judg- ment will be arrested. It does not seem to be actiona- ble to say at the time of e- lection of a*

NEW-YORK,
Nov. 1805.

Gilbert
v.
Field.

candidate for a
seat in the le-
gislature, that
he has been
seen drunk and
asleep in the
assembly room
and is unfit to
be a member.

" sembly-room and fall asleep therein. That he was unfit
" and unqualified to be a member of the assembly of the state
" in the legislature, for I have frequently seen him drunk,
" and unfit for any business."

*Woodworth* for a variety of reasons, but principally for
want of a *colloquium*, and because the words were not in
themselves actionable, argued that the judgment must be
arrested.

*W. W. Van Ness* contra.

*Per Curiam*, delivered by LIVINGSTON J.

In arrest of judgment, several objections are taken to
the declaration, two of which, according to decided cases
are fatal.

That it should appear either from the words themselves,
or from the pleadings, or be clearly intended, that at the
time of publishing the words, there was a *colloquium* con-
cerning the profession of the party of whom the slander is
uttered, has been long and repeatedly settled. Nor is this
form of declaring, if it comport with the fact, more difficult
to pursue, than the one which has been adopted. If from
the words here it may be inferred, or intended as we think
it may, that there was a discourse concerning the plaintiff's
fitness for the office of member of the legislature, the declara-
tion is entirely silent as to any conversation about his pro-
fessional character ; and as his injury on this score forms a
very essential part of the *gravamen*, and the damages are
entire, a *colloquium* concerning his profession was absolutely
necessary. For this omission judgments have been arrested,
or the plaintiff in other stages of a suit defeated of his
remedy. The reason assigned for the rule is, that unless
the words appear to be spoken concerning one's profes-
sion, office or trade, he cannot lose or be discredited there-
by. If this be thought by some not very satisfactory, it
would be too much without shewing its palpable absurdity
to shake so many authorities by permitting a looser mode
of declaring at this day. Judgment must therefore be ar-
rested.