Baker agt. Swackhamer and Swackhamer

---

## SUPREME COURT.

### BAKER agt. SWACKHAMER AND SWACKHAMER.

Where an order of arrest is granted on showing that a sufficient cause of action exists (§ 179 and 181), the defendant, upon affidavits (§.204 and 205), is not entitled to have the order vacated, upon the ground that no special cause for requiring bail is set up in the plaintiff's affidavit upon which the order was granted.

The reasons which would have justified the holding of a defendant to bail under the former practice, are not now required to be stated, where a *sufficient cause of action* (§ 179 and 181) is set forth.

*Kings Special Term, Jan.* 1851. *Action for Libel.* The defendants obtained an order to show cause why the order of arrest made in this action by the Hon. S. E. Johnson, county judge, should not be vacated or the bail required thereby be reduced.

Baker agt. Swackhamer and Swackhamer.

The motion to vacate is made upon the ground that no cause for requiring bail is set up in the affidavit presented to the county judge. It is conceded that the affidavit sets forth a cause of action, and that it does not contain any reason which would have justified the holding of the defendants to bail under the former system of practice.

A. D. Soper, for the defendants, insisted that the legislature intended only so far to modify the former practice as to allow the order of arrest to be made on showing a cause of action within the 179th section (see §179–80–81); and by sections 204–5 to permit the defendant to come in and move to vacate, upon affidavits showing that none of the grounds for holding to bail under the former practice existed when the order of arrest was made, or at the time of the application to vacate.

Mr. Bouton, for the plaintiff, insisted that the order of arrest being admitted to be regular when made upon an affidavit showing a sufficient cause of action, it would be absurd to say that it should become irregular or void upon the affidavit of the defendant, when no change of facts had taken place. Security was also required to be given by the plaintiff for the payment of costs in the action, and damages for the arrest, if judgment should be passed for the defendant.

Morse, Justice.—There is no doubt that the present is a case where, under our former practice, the defendants could not be held to bail. This is an action for libel, and cause of action is shown by the plaintiff's affidavit, sufficient to justify an order of arrest, if it is not now necessary for that purpose to show some special cause for requiring bail. The good sense and practical utility of the former rule, I have never heard questioned any where. But it has been thought wise by the legislature to extend the power of plaintiffs to arrest and hold to bail, in this class of actions. That they have done so is too clear, I think, to be doubted, from the plain declaration in section 179, " that the defendant may be arrested where the action is for an injury to character," together with a further declaration (§ 180 and 181)

Baker agt. Swackhamer and Swackhamer.

that an order of arrest may be made where it appears by the affidavit that a sufficient cause of action exists, and is one mentioned in section 179.

It is provided by section 182 that the plaintiff, with or without sureties in the discretion of the judge applied to, on obtaining an order of arrest, must undertake in writing to pay costs and damages if he fails in the action.

I have no doubt that the county judge was right in granting the order to arrest. The provision in section 204, when read in connection with section 205, evidently provides for a case where a sufficient cause of action is not set out in the plaintiff's affidavit, or one not coming within the 179th section. This goes upon the ground that a judge may make a mistake in granting the order. That this was intended by the legislature will be more apparent when we see that section 205 provides for the case where the defendant moves upon affidavits, and most palpably implies that defendant may move to vacate or reduce without affidavits; that is, upon the plaintiff's own showing. That the amount of bail is unreasonably high, I think perfectly clear. The publication is prima facie libelous, but not of such an aggravated character as of itself to require any thing more than reasonable surety that the defendants will be forthcoming to answer any judgment that may be rendered against them. It appears by the undisputed affidavits of one of the defendants that he is a permanent resident of the county of Kings; a freeholder and householder therein, and that the other defendant is a resident of the said county and a householder therein. A less amount of security for appearance and answer, must be considered requisite in a case where the parties are permanent residents, as it appears by the affidavit these defendants are, than if they were transient persons. The amount of bail must be reduced to five hundred dollars; a sum which I think sufficient to secure the just objects of bail in this case, and not so large as to be oppressive. Enter an order reducing the amount of bail to $500