Woodruff, J.
—The notice of motion in this case proposes to strike out, as irrelevant and immaterial, so much of the answer 'of the defendant, Reynolds, as sets up, by way of defense, that this court has no jurisdiction of this action, or for such other or further relief, &c.
As nothing is said in the answer on the subject of juris *687 diction, the notice in those terms can hardly be said to designate, with appropriate distinctness, the precise portion of the answer to which it refers. The motion was nevertheless argued, without objection as to the form of the notice; and, as argued, it was applied to those averments in the answer which, if they do not warrant the claim that this court has no jurisdiction of the action, are clearly irrelevant: for, confessedly, they can serve no purpose if they do not raise that question.
They are contained in the defendant’s second or further defense, and consist of averments that both of the defendants reside in the county of Greene; and that the co-defendant was served with the summons and complaint in that county, and not in the city of New York. The motion, made and argued, was to strike out this defense as irrelevant ; and the motion is resisted, on the ground that the action against a common carrier, for the loss of goods received for carriage, is in substance an action of tort; and that this court has, therefore, no jurisdiction, unless both of the defendants reside or are served with the summons in this city.
The Code declares, (§ 33,) that the jurisdiction of this court shall extend to certain specified actions; and “to all other actions where all the defendants reside, or are personally served, within” this city; “or where one or more of several defendants, jointly liable on contract, reside, or are personally served, within ” this city.
One of the defendants in this case has been personally served within thiS^city.
It is insisted on the part of the defendant that the action is an action of tort, and, therefore, not within the last clause above cited ; and that in actions of tort this' court has no jurisdiction, unless all of the defendants reside, or are served, within this city. If we were to adopt the suggestion, that all actions against common carriers for loss'of property committed to them for carriage are actions of tort, and wére we also to follow the cases uited to us by the defendants’ counsel, Ansell v. Waterhouse, (2 Chitty, 1,) *688 and Bretherton et al. v. Wood, 3 (Brod. & Bing. 54,) in both of which the action, in form of tort against the common carrier, was held to involve a charge of misfeasance, and therefore to lie against one of them severally ■—the non-joinder of others not being pleadable in abatement, or otherwise available to defeat the action; Low v. Mumford, (14 J. R. 426 ;) I say, if we were to follow these cases and others therein cited, and apply ¿hem to the present action, the inquiry would be interesting, whether under the views expressed in McKensie v. Hackstaff, (2 E. D. Smith, 75,) the defendant, who is served with process within this city, can avail himself of the non-service or the irregular service upon another defendant. Each being severally liable, the court has jurisdiction as to the defendant served here; and the plaintiff may, at any time before the trial, discontinue as to the other defendant, and proceed to trial and judgment against the defendant so served.
I do not, however, deem it necessary to place the disposition of this motion upon that ground; nor to say whether, though the objection cannot be taken by motion, it may by answer. The view that I take of the nature of the action, determines the question before me.
It is not questionable, that an action on the case would lie at the common law against a common carrier; and that in this form of action, prior to the case of Dale v. Hall, (1 Wilson, 281,) the gravamen of the action, as laid in the declaration, was in general tort; and yet Denison, J., says,,in the case last cited, that in the old forms it was averred that the defendant undertook, &c., which he says shows that the action was ex contractu; and in Boson v. Sandford, (2 Salk. 440, and 2 Show. 478,) in 1689, the declaration was that the defendants undertook, &c., and the action was held ex quasi contractu; and the nonjoinder of some of the shipowners was fatal. [In noticing this case in Rice v. Shute, (5 Burr. 2612,) it was held that the non-joinder should be pleaded in abatement.] The discussion in the case of Govett v. Radwidge et al., (3 East. 62,) shows that, at all events since the case of Dale v. *689 Hall, it was permitted to the plaintiff to declare in tort for' a breach of the duty of the common carrier, or to declare in assumpsit upon his express or implied promise or undertaking to carry. And in modern times, it is stated in the elementary works that the plaintiff has his option; and the advantages and disadvantages of either form of declaring are stated. As, for example, if the form of the action be tort, counts in trover may be added, and nonjoinder of defendants cannot be pleaded. (Dickon v. Clifton, 2 Wils. 319 ; Mitchell v. Tarbutt, 5 T. R. 649 ; Govett v. Radwidge, 3 East. 62 ; Ansell v. Waterhouse, 2 Chit. 1 ; Bretherton v. Wood, 3 Brod. & Bing. 54 ; and, in this State, Bank of Orange v. Brown, 3 Wend. 158.) But if the form of the action be assumpsit, it is founded upon the defendant’s contract, express or implied; all of the copartners or joint contractors must be made defendants, and other counts in assumpsit may be united therewith. (Powell v. Layton, 2 Bos. & Pul. N. R. 365 ; Max v. Roberts, 2 Id. 454 ; see note to Weall v. King, 12 East. 452-454 ; 1 Chit. PL 96, 136, 137; 1 Selwyn’s Nisi Prius, title “ Carriers,” V.; 3 Wend. 158, cited above.)
Attention being given to the distinction between the cases in which the contract or undertaking of the defendant, and the breach thereof, is made the ground of the action, and those in which no contract or undertaking, express or implied, is stated, but the action is plainly a case for a breach of duty, most of the apparent discrepancies between the cases will disappear. The result is that a plaintiff may, if he think proper, bring his action against the common carrier in assumpsit on his undertaking or agreement to carry and deliver. Such an action is an action on contract, and in that action all the co-contractors must be joined as defendants.
And in another aspect, this point seems to my mind quite clear: whatever be the forms of remedy provided for a plaintiff proceeding against the carrier, the ground work and substance of the liability of the latter is an acceptance of the goods, either under an express agreement to carry, *690 or under a duty to carry, from which on such acceptance there arises an implied undertaking to carry. In judgment ■ of law, there is a contract in all cases, and hence the decision in Campbell v. Perkins, (8 N. T. R. 430,) that the liability is discharged by a discharge under the U. S. bankrupt act of 1841, and on the express ground that it is a claim arising on contract. In that case the decision in Brown v. Treat, (1 Hill, 225,)—in which it was held that under the non-imprisonment act, forbidding an arrest in actions on contract, the plaintiff could not, by suing a warehouseman in an action of tort for not safely keeping and delivering goods, become entitled to arrest the defendant— is cited with approbation, notwithstanding the limitations qualifying, if not overruling it, in Suydam v. Smith, (7 Hill, 182,) and McDuffie v. Beddoe, (Id. 578.)
This review of the subject seems to me to show it to be quite settled that there is a contract between the carrier and'his employer, and that, on the loss of the goods, the latter may have an action on that contract if he so elect. Now, although the forms of pleading have in this State been abolished, the • rights of parties remain unaffected thereby; and the owner may still bring an action, stating facts amounting to a contract or alleging an undertaking, and if he do so, he has a right to insist that his action is founded on contract, and to have the advantages, if any, previously resulting from adopting that form of action, when forms were material.
The plaintiff here has alleged an undertaking to carry and deliver, (an appropriate form of alleging a contract,) and stated a breach of contract by alleging a neglect to deliver. This is in my opinion an action on contract, and of such an action-, where one of the defendants resides or is served within this city, this court has jurisdiction.
It is true, that in considering whether¡ in such an action, the summons should state a sum specified for which the plaintiff will take judgment in default of an answer, or should state that the plaintiff will apply to the court for relief, Mr. Justice Harris says that, although at common *691 law it was an action ex contractu or ex delicto, at the option of the pleader, he is unwilling to admit that it has brought that feature into the new system. I find nothing in the Code altering the relations of parties to each other in this respect; if a carrier agrees to carry and deliver the property of the plaintiff, that contract, as such, may be enforced, or the breach of it redressed by action founded thereon, as well_ now as before the Code, and as well as a contract to do any other specific thing beneficial to another. The point, however, of Judge Harris’ decision is, that the form of the summons in such case should be under the 2d subdivision of \ 129, viz: that the plaintiff will apply to the court for relief; that is to say, it is not an action arising on contract for the recovery of money only, within the meaning of the 1st subdivision; and to the like effect is Clor v. Mallory, (1 Code R. 126,) in which Johnson, J., places his decision, not on the ground that this action is not an action on contract, but that the 1st subdivision of § 129 was intended to apply to contracts for the payment of money express or implied, and not to actions which, though founded on contract, were brought to recover damages for the non-performance of some stipulation other than the payment of money; and to a similar purport is the construction given to that section in other subsequent cases, in which it is shown that subdivision 1 does not apply to all cases in which the action is founded on contract, although the ultimate end may be the recovery of money as damages for the breach. (The People v. Bennett, 6 Abb. 343 ; Hyde Park v. Teller, 8 How. 504; Tuttle v. Smith, 14 Id. 395 ; West v. Brewster, 1 Duer, 647.)
Those cases do not, therefore, conflict with the views already expressed. Here the action is for damages, unliquidated, incapable of ascertainment from the face of the contract or undertaking of the defendants, by computation or otherwise, without extraneous proof. It may, therefore, be held to be an action in which it is necessary, on default of answer, to apply to the court for relief, and yet be none the less an action on contract.
*692 Such, in my judgment, is its true character, and of that this court has, as already stated, full jurisdiction where one of the joint contractors resides or has been served within this city. (See .4 Duer, 682.)
An order must, therefore, be granted, as moved for on the argument, viz: to strike out the second or “further” defense contained in the answer of the defendant, Reynolds.
The plaintiff’s costs of motion, $10, to abide the event of his recovery of costs in the action.