# DAVIS a. SCOTT.

*New York Common Pleas ; At Chambers, December, 1861.*

### ORDER OF ARREST DISCRETIONARY.

The granting of an order of arrest, as a provisional remedy under the Code, is a matter of discretion with the court or judge.

An order of arrest should not be granted in actions for assault and battery, libel, or slander, unless the defendant is a non-resident or transient person, or unless in extreme cases of violent and cruel batteries. This was the practice before the Code, and it is proper still to adhere to it.

Application for an order of arrest.

The nature of the application sufficiently appears from the opinion.

DALY, F. J.—By the Revised Statutes, arrests were allowed without a judge's order in actions of debt, contract, trover, trespass for taking personal property, trespass upon lands, and replevin; but in all other actions they were not allowed, unless upon a judge's order, and then only in the cases and according to the practice established by the Supreme Court. (2 *Rev. Stat.*, 348, §§ 6, 7.)

By the practice established in the Supreme Court when the Revised Statutes went into effect (1828), an order would not be granted for the arrest of a defendant in actions of assault and battery, libel, or slander, except slander of title, unless the defendant was a transient person, or was about to depart from the State, or unless in very extreme cases of violent and cruel batteries. (Clason *a.* Gould, 2 *Cai.*, 47; Van Vechten *a.* Hopkins, 2 *Johns.*, 293; Norton *a.* Barnum, 20 *Ib.*, 337; Zimmermann *a.* Chirtman, 7 *Hill*, 152; Brooks *a.* McLellan, 1 *Barb.*, 274; 1 *Dunlop's Pr.*, 106, 107.)

This was conformable to the English practice. In actions where the damages are uncertain, says Tidd, as in actions for a tort, or trespass, it is not usual to grant an order to hold to bail except where there has been an outrageous battery or mayhem,

or the defendant was about to quit the kingdom. (1 *Tidd*, 9 Lond. ed., 172.)

The Code declares that a defendant may be arrested, where the action is for an injury to person or character, and that the order may be made, where it shall appear to the judge, by affidavit, that a cause of action exists, and that the case is one of those enumerated in section 179. Before the Code, the granting of the order was in the discretion of the court or judge, and the plaintiff was not entitled to it as a matter of right. (Hunt *a.*Hudson, *Barnes*, 85.) And as the words of the Code are not that the judge *shall*, but that the order *may* be made, we suppose that it was the intention of the Legislature that it should still continue to be a matter of discretion. It is a proper exercise of that discretion to grant it only in actions of assault and battery, libel or slander, where it would have been granted before, or in extreme cases of very outrageous batteries; or when it is shown, by affidavit, that the defendant is a non-resident; or, from facts and circumstances, that there is good reason to believe that he is about to, or may, depart from the State. It is our experience in this court, that such orders are constantly obtained in trivial actions of this description, which result usually in nominal damages. It has become, in fact, such a means of abuse and oppression, that it is our duty to check it by adhering strictly to a salutary rule which has prevailed in this State from an early period, and which is not, in our judgment, inconsistent with the provisions of the Code.

Application denied.