Neilson, J.
This is an application to reduce the bail, fixed by the order of arrest at ten thousand dollars, to the sum of five hundred dollars. Bail was given in the required amount on the day of the defendant’s arrest.
The plaintiff, the district-attorney of this county, brings the action, Charging the defendant with having published a libel concerning him, in the Brooklyn Chronicle.
*259 As the bail exacted,—an amount proper only in an extreme case,—was fixed in view of the grievous character of the offense charged upon the defendant, some reference to the publication, on this review, seems unavoidable. In that publication it is stated that complicity with the Ring compelled Mr. Britton to accept Patrick Keenan’s plea of guilty to an indictment for a misdemeanor, and to enter a nolle prosequi to an indictment against the same person for forgery; that he thus kept faith with his proprietors; kept his bargain with the Ring. These, and other statements of a like character, put in positive terms and as if with full knowledge, are adroitly and earnestly illustrated.
It was Keenan’s right to put in a plea of guilty to the indictment for the misdemeanor. Neither the court nor the district-attorney could have prevented that. Nor should there have been any wish to evade that plea, had evasion been possible. A conviction was thus secured without the formality and expense of a trial. But it appeared on the original application, and now appears, that no nolle prosequi was ever entered as to the indictment for forgery.
I cannot, therefore, resist the conviction that the plaintiff has been thus charged with official subserviency, and corruption, without cause.
On the hearing it was proved that the defendant has, for several years, resided in this city, and has been engaged in business in New York. Some of his neighbors affirm a belief that he will not leave this city. He avers that he has no intention of doing so. He also deposes that the statements in the articles so published were made upon information which gave him reason to believe that they were correct, and he still so believes ; that he intends to contest this action, and to establish a complete justification.
The defendant may, indeed, have been misled by some evil and designing person, but it would have been *260 a reasonable exercise of the prudence due to his office as a publisher, if he had examined the records in the clerk’s office, before venturing to give to his readers information so vital and extraordinary.
In the preliminary discussion which took place when I granted an adjournment to enable the defendant to extend and perfect his moving papers, I had occasion to remark that the bail, claimed to be excessive, might well be so regarded, but for the fact that the charge was made against the plaintiff in respect to his office, and that if the facts existed, it was the duty of the defendant to spread them forth on the motion. The learned counsel for the defendant objected to both branches of that suggestion ; to the first, as not correct in principle; to the second, as prejudging the case.
I adhere to the views then suggested. If this publication had related to a private citizen, some of the gravest charges, imputing acts which the mere citizen had no power to perform, would have seemed innocuous if not unmeaning ; others of them would have merely tended to degrade him, as having put himself in the power of a faction, lost the power and dignity of self-control peculiar to a good citizen. But applied to one entrusted with the performance of grave duties in connection with the administration of justice, as in this instance, the charges have great significance, imply or directly impute fraud, corruption, perjury.
The notion that calling for the facts, if any exist, showing the truth of the libel, or the expression of an opinion as to the character of the publication, and its injurious tendency, is prejudging the case, is unfounded. In every like case, a judge in granting, sustaining, or modifying an order of arrest, necessarily declares his opinion for the mere purpose of the application. What his views might be on the proofs at large on the trial is quite another question. On this application I am left to regard this publication as a libel, *261 although the defendant, had the facts existed, might have shown, without prejudice to his rights on the trial, that the publication was true, and so have secured the discharge of this order. In cases where the cause of the action and of the arrest are the same, it has been held that unless there is a decided preponderance of evidence for the defendant upon the motion, or unless the proofs show that the plaintiff has no cause of action, the order will not be vacated (14 How. Pr., 131; 34 Barb., 20; 50 Id., 226, 451).
But the learned counsel for the defendant, to whose argument I have listened with great interest, took the ground that in an action of this class an order of arrest should not be granted unless it appeared that the defendant was a non-resident, or was about to depart beyond- the jurisdiction of the court; that the rule which existed with us prior to the Code, still obtains under the Code. I have been of opinion that the Code . had changed the rule in question, had introduced a new practice. But as the question, now ably presented, has not been determined in this court as far as I am advised, and is of moment to the defendant, I have given it careful consideration.
The first subdivision of section 179 of the Code, which states the case in which arrests may be made, reads as follows:
“In an action for the recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of the State or is about to remove therefrom, or where the action is for an injury to person or character, Or for injuring or wrongfully taking, detaining, or converting property.”
The clauses of this provision are thus put disjunctively, the severance clearly marked. To unite what is thus set apart, to import into the clause as to “injuries to person or character,” what precedes it, seems like taking a liberty with the statute.
*262 The judge may grant the order. The application is addressed to his discretion. But that “is a legal discretion to be exercised, in discerning the course prescribed by law. It is to be exercised, not to give effect to the will of the judge, but to the law (26 Wend., 152).
When, therefore, the statute provides that an order of arrest may be issued when the cause of action is for an injury to person or character, it is the duty of the judge in a proper case to so exercise his discretion as to give effect to that provision. In trivial cases of slander or libel, the order of arrest may be denied. The judge is to consider the character of the case, and of the injuries complained of; but the question of the defendant’s residence is not always an element ministering to or calling for the exercise of that discretion. The cause of the action and the cause of the arrest are one and the same. It is true, however, that while as matter of practice having relation to the convenience of the court, and to a disinclination to encourage petty litigation, the order of arrest may be withheld in cases of no serious moment or character, and where no real necessity for the order exists, yet in such cases proof of non-residence or of an intent to leave the State would be material, and call for the granting of an order, which otherwise might be properly refused.
The learned counsel for the defendant cites cases determined before the Code, also recent cases in the common pleas and superior court of' New York. In the principal case (Davis v. Scott, 15 Abb. Pr., 127). First Judge Charles P. Daly, states the former practice under the Revised Statutes, refers to the English practice, and comes to the conclusion that under the Code it is proper to grant an order “ only in actions of assault and battery, libel and slander, where it would have been granted before, or in extreme cases of very *263 outrageous batteries,” or where the defendant’s non-residence or intended departure is shown.
But I need not further state the objections to at‘ tempts to assimilate the new to the old practice, the Code to the Revised Statutes, or pause to inquire why the special provisions of the Code, to which I have referred, were adopted, if the old practice is to prevail, as I could, for the purposes of this case, accept the views of that learned and prudent judge. He would have recognized the facts that a party might suffer as much from an injury to his character as from an injury to his person, that the wrongdoer might be as wicked and malevolent in the one case as in the other. As he would grant orders of arrest in cases of outrageous batteries, irrespective of the defendant’s residence, he would also grant an order of arrest if this libel had been published of, and concerning the district-attorney of New York.
The counsel for the defendant found it difficult to state the practice which prevails in the supreme court. In view of the conflicting decisions in the several judicial districts of that court, on questions arising under the Code, it might not be quite safe to express an opinion on the subject. He thinks that the views expressed by Edmonds, J., before the Code (1 Barb., 627), were adopted by Mr. Justice George G Barnard, at chambers, since the Code ; the case not stated, nor any written opinion.* I am under the impression, that in this district, the justices of the supreme court grant such orders without requiring proof of the defendant’s.non-residence or contemplated departure from the State. It is well known that such an order was granted, in that court, against the late James Gordon Bennett of the New York Herald, at the suit of one of the dissenting jurors, in one of the steamer Westfield cases, tried before me, for a libel published in that paper reflecting upon the conduct of that juror. On that ap *264 plication there could not have been any suggestion of" the defendant’s irresponsibility, or as to his not having been a fixed resident. But, however that may be, I am disposed to accept the teachings of the Code, and to regard its provisions as modifying the former practice. Where such provisions are full and explicit, the wisdom or expediency of giving to them a'qualified obedience, in our respect for an older, perhaps, a better, course of procedure, may well be doubted.
The plaintiff had the right to meet any new facts presented by the defendant on the motion. But, recognizing that, I have considered it proper to lay out of view the other additional matter brought in by the learned' counsel for the plaintiff, including citations from the several numbers of the Chronicle, with strictures thereon, indicating its supposed general character. It was my duty to confine my attention to the questions directly involved, and I have endeavored to do so.
The application must be denied.

 The reference doubtless was to an order or rule announced by Barnard, J., that he would not grant orders of arrest in certain cases.