## SUPREME COURT.

### Levi Blakelee agt. Thomas Buchanan, Jr.

Where the complaint and affidavit contain facts from which the judge who granted the *order of arrest* (for libel) became judicially satisfied that a cause of action existed, and that it was not one of a trivial character, and it cannot be said from the proofs presented upon the motion to *vacate* the order of arrest; that the discretion of the judge was erroneously exercised, the motion to vacate the arrest will be denied.

*Oneida Special Term, October* 18, 1872.

This action is brought for the purpose of recovering $100,000 damages, alleged to have been sustained by reason of the publication and circulation, by the defendant, of an alleged libellous circular, set out in the complaint.

Upon the complaint and an affidavit of the plaintiff, Justice Morgan granted an order of arrest holding the defendant to bail in the sum of $10,000.

The bail was given, and the defendant, on the papers used to obtain the order of arrest and on his own affidavit, moves to discharge the order of arrest. The plaintiff reads additional affidavits in support of the arrest, and shows that the defendant, in 1871, conveyed his valuable real estate to his daughter, and has kept his business accounts in the name of members of his family; that he has left the state *en route* for Florida; and it was alleged by defendant's counsel that such absence from the state was on account of his health, and that fact was substantially conceded by the plaintiff's counsel on the argument of this motion.

The plaintiff was cashier of the Peoples' Safe Deposit and Savings Institution, lately doing business in the city of Utica. Formerly the defendant was such cashier. The circular

alleged in the complaint is sworn by the plaintiff to have produced "a run on the bank, and that the credit thereof was wholly destroyed;" that the publication was and is wholly false and malicious; and the plaintiff was thereby greatly injured in his character and credit, and his business was broken up and destroyed.

E. J. RICHARDSON *for the motion.*

J. THOMAS SPRIGGS, *of counsel.*

HARDIN, *J.*—Prior to the passage of the non-imprisonment act of 1831, the cases in which a defendant might be arrested were prescribed by the revised statutes. (2 *R. S.*, 348.)

In cases of libel it was necessary to apply for an order of a judge, who, in cases coming within the established practice, granted the order (*Graham's Pr.*, book 2, 105), and special circumstances were required to obtain the order (2 *Cains R.*, 47; 20 *Johns.*, 337).

The legislature, April 26, 1831, by what is known as the Stilwell act or non-imprisonment act, provided for certain cases of arrest.

That act was not repealed by the 179 section of the Code. Indeed it was expressly provided by section 178 of the Code that no person shall be arrested in a civil action except as prescribed by the Code, but the general words were followed by a proviso expressly continuing in force the Stilwell act; and the courts have, in numerous cases, determined that the act of 1831 remains in force. (*The People* agt. *Goodwin*, 50 *Barb.*, 562; *The People* agt. *O'Brien*, 6 *Abb.*, *N. S.*, 68; *Hall* agt. *Kellogg*, 12 *N. Y.*, 352; *Cobb* agt. *Harmon*, 23 *N. Y.*, 148.)

By section 179 of the Code, it is provided that a "defendant may be arrested as hereinafter prescribed in the following cases: in an action for the recovery of damages, on a cause of action not arising out of contract; * * when the action is injury to person or character," * &c.

The learned counsel for the defendant insists that an order of arrest, under the section quoted, should not be granted except such a case is made by the party applying as would have entitled him, according to the practice established under the Revised Statutes, to an order.

But it was held, in *Baker* agt. *Quackhamer* (5 *How.*, 251), that the defendant is not entitled to have the order vacated upon the ground that no special cause for requiring bail is set up in the plaintiff's affidavit upon which the order was granted.

In commenting on the good sense of the former rule, MORSE, J. says: "It has been thought wise by the legislature to extend the power of plaintiffs to arrest and hold to bail in this class of actions." "That they have done so, I think, is too clear to be doubted." (5 *How.*, 252.)

The defendant's counsel has cited *Davis* agt. *Scott*, (15 *Abb.*. 127), opinion by DALY, J., in N. Y. C. P., in which it is said that, before the Code and since, the judge to whom an application is made for an order of arrest has a right to exercise a discretion; and, he adds, that it is a proper exercise to grant an order only in extreme cases; and he reaches, very properly, the conclusion, that such order should be refused in trivial actions calling only for nominal damages.

In harmony with the rule there laid down, is the case of *Crandall* agt. *Bryan* (15 *How.*, 48), it is there said, the judge who grants the order should be satisfied on the force and weight of the affidavits produced, that a cause of action exists, and that the case is a proper one within the proivsions of the Code. The evidence should be such that the judge may, upon the papers, be judicially satisfied. (4 *Sandf.*, 715; 10 *Abb.*, 411.)

In *Stuyvesant* agt. *Bowman*, (3 *Abb.*, N. S., 270; *S. C.*, 34 *How.*, 51,) it was held that after an order of arrest has been granted it should not be vacated on a mere denial of the affidavits used to obtain it, for that would be trying the case on affidavits. That to induce a court to vacate, a case

should be made so clear that if the same was before the court on trial it would justify a nonsuit.

Such a case has not been made on this motion.

The complaint sets out the circular, and the affidavit alleges that it is false and malicious.

The defendant denies that he published and circulated it.

The plaintift alleges that he has sustained great damage by its publication and circulation, and alleges that his business has been broken up and ruined thereby.

The defendant's counsel insists that the plaintiff should allege more especially the nature and evil intent of the defendant in order to make out a cause of action against the defendant.

But the complaint sets out the circular or libel, and by inspection its words and language are as clearly before the court as though they had been repeated in the affidavit. The complaint is verified, and must be considered as an affidavit. (7 *Abb.*, 181 ; 7 *Bosw.*, 687 ; 28 *How.*, 211.)

The affidavit states that said libel " was and is wholly false and malicious, and deponent was thereby greatly injured in his character and credit, and his business was broken up and destroyed."

The complaint and affidavit contain facts from which the judge who granted the order became judicially satisfied that a cause of action existed, and that it was not one of a trivial character, and it cannot be said, from the proofs presented upon this motion that the discretion of the judge was erroneously exercised. 6 *Abb.*, *N. S.*, 9, was cited by the defendant's counsel to establish that the circular alleged in the complaint in this action is not libelous.

That case has little application here, for that was an action brought by a corporation and the rule is somewhat different in actions of libel in behalf of corporations.

There must be special damages averred and proven in order to sustain the action (*Knickerbocker Life Ins. Co.* agt.

*Ecclesine,* 11 *Abb., N. S.,* 388, qualifying the rule of law in 18 *Abb.,* 413).

The articles set out in the case in 6 *Abb., N. S.,* 9, were not libelous *per se,* and no allegations were found in the complaint of special damages.

In this case the circular set out in the complaint is libelous *per se,* and the complaint therefore, with the affidavit presented to the judge, made out a good cause of action against the defendant. (2 *Kent* 16; *Reade* agt. *Sweetzer, charge of* CLERKE, *J.,* 6 *Abb., N. S.,* 17.)

The defendant's learned counsel insists that it does not appear by the complaint that any of the defamatory matter in the circular relates to the plaintiff. The complaint will be found by inspection to conform to the rules of pleading in actions of libel.

By section 164 of the Code it is provided " that it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff." It has been held that it is not necessary to allege malice specially in the pleadings. (*Opp. of* MASON J. *Opdyke* agt. *Reed (note),* 18 *Abb.* 224.)

The motion to vacate the order of arrest is denied with $10 costs.