(22 App. Div. 400.)

### CRANDALL v. JACOB.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. ARREST IN CIVIL ACTION—SUFFICIENCY OF COMPLAINT AND AFFIDAVIT.

A complaint in an action for slander alleged positively that plaintiff was president, and one S. an employé, of a designated corporation, and that defendant, in the hearing of divers persons, and with intent to hurt, injure, and damage plaintiff in his good name, fame, character, and reputation, said that plaintiff cheated S.; and that plaintiff was so damaged. There was no allegation of special damage. Upon this complaint, and positive corroborating affidavits, plaintiff procured an order of arrest. On a motion to vacate the order, based solely on the papers on which it was granted, *held*, that the allegations sufficiently showed the uttering of the slanderous words to justify the order of arrest.

2. SAME—SUFFICIENCY OF COMPLAINT.

Where the complaint, in an action for slander, sets forth one cause of action sufficient to support an order of arrest, the fact that it also states other causes of action, also based upon slanders, does not prevent the granting of the order.

3. SLANDER—PLEADING.

Where a complaint alleges an intent to injure plaintiff in his business by statements that plaintiff, who was the president of a company, had cheated certain persons in his employ, it is sufficient on demurrer, though no special damage was alleged.

Appeal from special term.

Action by Eben V. Crandall against Julius Jacob. From an order denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wm. K. Hall, for appellant.

Herman Herst, Jr., for respondent.

GOODRICH, P. J. The order of arrest was granted upon a verified complaint and the affidavits of the plaintiff and one Dumas. The complaint set out four causes of action, alleged positively, and not upon information and belief. The first cause of action stated the defamatory language as follows: "You [meaning plaintiff] cheated Swayne, but you [meaning plaintiff] ain't going to cheat me [meaning defendant];" and alleged that Swayne was a person formerly in the employ of the E. V. Crandall Company, of which the plaintiff was president, and that the plaintiff had been "damaged in his good name, fame, character, and reputation in the sum of five thousand dollars ($5,000)." The second cause of action alleged that the defendant maliciously said to one Gillespie that the plaintiff, as president of the said E. V. Crandall Company, had knowingly made a false report of the affairs of said company to the secretary of state, and that the defendant could have the plaintiff indicted by the grand jury by reason thereof. The third cause of action alleged a similar statement to one Herst, and the fourth alleged a similar statement to one Assman. In no one of these three causes of action were the exact words set out. Each of the last three causes of action alleged injury to the good name, fame, character, and reputation of the plaintiff in the sum of $5,000. The affidavit of the plaintiff alleged that Gillespie had informed the plaintiff that the defendant had used to him the defamatory words alleged in the second cause of action; that the plaintiff had a conversation with defendant, in which the defendant told the plaintiff, in the presence of divers persons, that the plaintiff had cheated a man by the name of Swayne, and that he would not cheat him, referring to the first cause of action; that the plaintiff also made inquiry, and ascertained that the defendant had stated to Assman that the plaintiff, as president of the said corporation, had made the false report referred to, set out in the third cause of action, and that the defendant was informed by Herst that the plaintiff had made the false report set out in the fourth cause of action; and that all of these statements were false and malicious. The affidavit of Dumas stated that he heard the defendant, in the presence of various persons, state that the plaintiff had cheated Swayne, but that he would not cheat the said defendant. A motion was made to vacate the order of arrest, based solely upon the papers upon which the order of arrest was granted, and without affidavits upon the part of the defendant. The motion was denied, and from the order denying such motion this appeal is taken.

It is well settled that, where the right to an order of arrest depends upon the nature of the action, not only must the cause of action be stated, but its existence must be made to appear by affidavit. People v. Snaith (Sup.) 10 N. Y. Supp. 589, citing numerous authorities. The question, therefore, arises whether the existence of the cause of action as set forth in the complaint is sufficiently shown by the affidavits. The verified complaint and the affidavit of the plaintiff positively allege the utterance of the defamatory language, named in the first cause of action, by the defendant in the presence of divers persons, and this is corroborated by the affida-

vit of Dumas. This afforded sufficient evidence of the uttering of the slanderous words set out in the first cause of action, and, as the statement is made upon positive allegation both in the complaint and in the affidavits, the issuing of the order of arrest was proper. Palmer v. Hussey, 59 N. Y. 647, holds that a verified complaint, when presented to the court with affidavits, may be regarded as an affidavit. It is not essential to obtain an order of arrest that the facts should be stated with such definite accuracy as is required in a pleading. It is sufficient to inform the court of the facts, and set in motion the judicial function, to find whether the case is one where an order of arrest is a proper provisional remedy, independent of the question of the final result of a trial, provided, however, that the court must be convinced that a "sufficient cause of action exists." So, in illustration, it may be said, as to an undertaking given in discharge of an attachment, that if a demurrer to the complaint were interposed and sustained, and an amended complaint were served and judgment obtained, the undertaking would still afford security to the plaintiff, and the amendment to the complaint would afford no defense to an action on the undertaking.

The defendant, however, contends that the complaint is demurrable as to the first cause of action because, the words not being actionable per se, special damage should have been alleged. This is not the law. In Folk. Starkie, Sland. & L. (Wood's Notes) p. 105, the principle is laid down that the action of slander may be maintained without proof of special damage, where any injurious imputation has been made affecting the plaintiff in his profession or business. The same doctrine is announced in Gideon v. Dwyer, 87 Hun, 246, 33 N. Y. Supp. 754. It is also contended that the language named in the first cause of action, not being actionable per se, must be alleged and proved to have been spoken in reference to such person in his office or profession, and that a mere allegation that the plaintiff had such office or was engaged in such profession is not sufficient; and in support of his contention the defendant's counsel cites 5 Wait, Act. & Def. p. 731. Here the complaint alleges that the plaintiff was president of the E. V. Crandall Company, and that the defendant, with intent to hurt, injure, and damage the plaintiff in his good name, fame, character, and reputation, said that the plaintiff had cheated Swayne, and that Swayne was in the employ of the company. One of the cases cited by Mr. Wait is Gilbert v. Field, 3 Caines, 329, decided in 1805, while the common-law practice, with all its technicalities and redundant repetitions in pleadings, was still in force. The action was for words spoken of an attorney to the effect that he had frequently been drunk. There was no colloquium respecting the profession of the plaintiff, and the court held that this was fatal on a motion in arrest of judgment. But the language of the learned court (Livingston, J.) shows very clearly his views of the subject, where he said:

"The reason assigned for this rule is that, unless the words appear to be spoken concerning one's profession, office, or trade, he cannot lose or be discredited thereby. If this be thought by some not very satisfactory, it would be too much, without showing its palpable absurdity, to shake so many authorities by permitting a looser mode of declaring at this day."

Our first Code of Practice, enacted in 1848, provided that:

"The complaint shall contain * * * a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Laws 1849, p. 645, § 142, subd. 2.

Section 481 of the present Code of Civil Procedure is a substitute for the former provision, and reads:

"A plain and concise statement of the facts, constituting each cause of action, without unnecessary repetition."

Section 535 of the present Code is identical with section 164 of the Code of 1848:

"It is not necessary, in an action for libel or slander, to state, in the complaint, any extrinsic fact, for the purpose of showing the application to the plaintiff, of the defamatory matter, but the plaintiff may state, generally, that it was published or spoken concerning him."

It is clear that the Codes were intended to work radical changes in, and simplify many methods of, pleading, and therefore the reasoning of the ancient opinions does not have controlling influence upon questions of practice arising under the present Code. The question here is simply whether the first cause of action sets out a cause of action within the requirements of section 481, taken in connection with section 535. The complaint alleges that the plaintiff was president, and Swayne an employé, of the corporation, and that the defendant said that the plaintiff cheated Swayne, and that the plaintiff was thereby injured in his good name, fame, character, and reputation. I think the allegations of the first cause of action are in accord with the Code, and sufficient to show that the charge was made against the plaintiff, as an officer of the corporation, in his dealings with Swayne, the employé; as otherwise the allegations of office of the plaintiff, and the employment of Swayne, had no relevancy or bearing upon the cause of action. Besides, the question here does not arise on a demurrer. In this particular the position is somewhat similar to that which arose in Gilbert v. Field, supra, where the issues had been tried and the motion was made for arrest of judgment. Here no demurrer has been served, and the pleadings have been accepted as sufficient, so far as may be imported from such failure to demur. If a demurrer had been interposed, a different question might have arisen; but the defendant has not deemed it necessary to take this course, and we must assume that, for the purpose of this motion and appeal, he has practically admitted that the allegations of the first cause of action are sufficient to support an action.

The defendant's counsel further contends that the arrest was improperly granted because several causes of action were stated in the complaint, upon some of which, unsupported, as he claims they were, by affidavit, an order of arrest could not be granted. We think he misapprehends the law, as this principle is applied to an action where separate causes of action of different classes are stated, as, for instance, where the complaint alleges a cause of action based on fraud and another cause of action based on contract. It is well settled that an order of arrest cannot be issued in such an

action. McDonald v. Convis (Sup.) 13 N. Y. Supp. 82; Knight v. Abell, 48 Hun, 605, 1 N. Y. Supp. 288. In these cases there was a union of causes of action for fraud and on contract, but the present action is based upon several separate slanders, all of which belong to the same class of actions, and is not open to the objection stated in the above cases.

Since the decision of the special term in this case was announced an amended complaint has been served, and the same has been submitted to us. In this the allegations of the first cause of action are identical with those of the original complaint, while the allegations of the other causes of action are changed from positive allegations to allegations upon information and belief. This, however, does not interfere with our views of the sufficiency of the complaint and affidavit upon which the order of arrest was granted.

The defendant also contends that the defamatory words must be set out in hæc verba. That question might arise upon demurrer to the complaint, but it does not arise upon this appeal, where the only question is whether causes of action exist and have been sufficiently stated in the papers, on which the order of arrest was made, to give the court jurisdiction, or call for the exercise of a proper discretion in making the order. A further answer to this contention is that in the first cause of action the exact words of the language were set out, and, under our views, it makes no difference whether or not the exact language is set out in the other three causes of action. The first cause of action, in this respect, was properly stated, and the order is affirmed. All concur in the result.