## JUSKOVITZ v. RAFSKY.

(Supreme Court, Appellate Term. March 2, 1903.)

1. ARREST (§ 33*)—CIVIL ACTIONS—ORDERS—REQUISITES—"SLANDER."

An order of arrest which states the ground as "defamation of character of plaintiff" sufficiently states the ground of arrest to be slander within General Rules of Practice No. 13, providing that an order of arrest shall state the ground on which it is granted.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 73–82; Dec. Dig. § 33.*

For other definitions, see Words and Phrases, vol. 7, pp. 6527, 6528.]

2. LIBEL AND SLANDER (§ 7*)—WORDS ACTIONABLE PER SE.

The words, "You are a thief," or "I can prove that you are a thief," are actionable per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 46; Dec. Dig. § 7.*]

3. COURTS (§ 190*)—COURTS OF INFERIOR JURISDICTION—REVIEW OF PROCEEDINGS.

Under Code Civ. Proc. § 3189, as amended by Laws 1902, c. 515, § 10, authorizing an appeal to the Supreme Court from an order of the Special Term of the City Court of the City of New York, the Supreme Court on appeal from an order of the Special Term may review an exercise of discretion by the court or judge.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. ARREST (§ 28*)—CIVIL ACTIONS—PROCEEDINGS TO PROCURE ARREST—SUFFICIENCY.

Under Code Civ. Proc. §§ 549, 557, authorizing an order of arrest in an action for personal injury, which includes slander as provided by section 3343, subd. 9, and providing that an order may be granted where the affidavit of plaintiff shows that sufficient cause of action exists against de-

---

fendant, etc., an affidavit of plaintiff averring that the action is to recover for a malicious slander, in that defendant in the presence of a large number of people said to plaintiff, "You thief, what do you want here? * * * I can prove that you are a thief," shows a sufficient cause of action for slander, and the setting aside of an order of arrest is erroneous.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 56–63; Dec. Dig. § 28.*]

Appeal from City Court of New York, Special Term.

Action by Louis Juskovitz against Abraham Rafsky. From an order of the Special Term of the City Court of the City of New York vacating an order of arrest of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham Pearlman (Abraham B. Schleimer, of counsel), for appellant.

Isaac Cohen, for respondent.

GILDERSLEEVE, J. The plaintiff obtained ex parte an order of arrest, which was based on a summons, an affidavit of the plaintiff, and an undertaking. The affidavit stated that the action was to recover damages "for a malicious slander," and alleged that defendant, in the presence of a large number of people, said to plaintiff: "You thief, what do you want here? Get out of here! I can prove that you are a thief." The defendant thereafter made a motion on notice at the Special Term of the City Court to set aside the said order of arrest upon the ground of the alleged insufficiency of the papers upon which it was granted. This motion was duly argued, and the justice sitting at Special Term granted the motion. From the order granting defendant's said motion and setting aside the order of arrest the plaintiff appeals to this court.

From the affidavit, as we have seen, it appears that the action is for slander, which consisted in defendant's calling plaintiff a thief. Section 549 of the Code provides that an order of arrest may be granted in an action for a personal injury. Section 3343, subd. 9, includes slander among personal injuries. Section 557 provides that:

"An order of arrest may be granted in a case specified in section 549, where it appears by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists against the defendant, as prescribed in that section."

Rule 13 of the General Rules of Practice provides that:

"Every order of arrest, as well as every injunction or attachment, shall briefly state the grounds on which it is granted."

[1] The order states the grounds to be "defamation of character of plaintiff." This may be construed as equivalent to "slander."

We therefore see that the papers were regular and in accordance with the requirements of the statute, provided the affidavit showed a sufficient cause of action for slander, as required by section 557, above quoted.

[2] It must be held that the words, "You are a thief," or "I can prove that you are a thief," unaccompanied by any explanation, are actionable per se. Dexter v. Taber, 12 Johns. 239; Martin v. Stillwell, 13 Johns. 275, 7 Am. Dec. 374; Van Akin v. Caler, 48 Barb. 58; Robert v. Ramsey, 86 Ga. 432, 12 S. E. 644.

[3] It is urged that the granting of an order of arrest is discretionary with the court. Since the abolition of the General Term of the City Court, however, the Supreme Court upon appeal from an order of the Special Term of the City Court has full power to review any exercise of discretion by the court or judge below. Section 3189 of the Code, as amended by Laws 1902, c. 515, § 10.

[4] We are inclined to the opinion that the order of arrest was based on sufficient papers, and the Special Term erred in setting it aside.

The order of the Special Term vacating the order of arrest is reversed, with $10 costs and disbursements.

FREEDMAN, P. J., and GIEGERICH, J., concur.