CHARLES MORRIS, Plaintiff, *v.* EDWARD N. GRABER, Defendant.

City Court of New York, Kings County, January 7, 1932.

*Rubenstein & Rosling,* for the plaintiff.

GOLDSTEIN, J. Defendant moves to vacate an order of arrest issued out of this court on November 17, 1931, in the above-entitled action, under which the defendant was held in bail in the sum of $1,000. The basis of the order of arrest was a summons and complaint and affidavit setting forth a cause of action for false arrest.

The defendant urges as the ground for this motion the fact that the affidavits in support of the order of arrest failed to state that the defendant is not a resident of this State or is about to depart therefrom, and bases his contention on the case of *Gelles* v. *Rosenbaum* (141 Misc. 588), decided at Special Term, Bronx county, by Justice HAMMER. The defendant has misinterpreted Judge HAMMER's decision. The court merely holds in that case that the granting of an order of arrest is addressed to the discretion of the court and is not obtainable as of right. After an extended review and analysis of the facts involved, the court says: " The proof submitted here, however, is not convincing that defendant's arrest of plaintiff was so clearly illegal, without authority of law, and malicious, as to bring it within the category described as outrageous and extreme * * *. Special circumstances ordinarily relied upon are non-residence of the defendant and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer judgment when rendered. (*Van Vechten* v. *Hopkins,* 2 Johns. 293.) No such circumstances are shown here."

There is some dicta at the end of the decision to the effect that although the facts set forth in an affidavit in support of an order of arrest did not fully sustain the contention that the arrest had been obtained maliciously, the plaintiff might still be entitled to an order of arrest if the additional fact were shown that the defendant was about to depart from the State.

Mr. Justice HAMMER admits the correctness of the decision in the case of *Dempsey* v. *Lepp* (52 How. Pr. 11), in which a motion

to vacate an order of arrest was denied. In that case it appeared that three successive actions had been instituted by the defendant against the plaintiff for injury to a cow. In each instance these actions had been discontinued upon payment of costs, and the actions had been instituted solely for the purpose of getting even with the plaintiff. No other special circumstances were shown, such as that the defendant was about to leave the State, etc. Justice HAMMER, commenting on this decision and approving of the correctness of the order of arrest in that case, said: " The motion [to vacate the order of arrest], by stipulation, was heard only on the affidavits upon which the order was made, and the facts which might readily be said to be outrageous and extreme in respect of plaintiff and a trifling with the process of the court, were held by the court to be such as justified the order of arrest."

The facts presented on the affidavit in support of the order of arrest in this case are stronger than that presented in the *Dempsey Case* (*supra*). They charge that the defendant, while an employee of the plaintiff's father, engaged in a course of double-dealing and treachery, and that he twice caused the arrest of the plaintiff upon a false and malicious charge of burglary, and despite the fact that on each occasion the police lieutenant released the plaintiff and advised the defendant that no crime in fact had been committed, nevertheless the defendant again had the plaintiff arrested upon a sworn complaint in the Magistrate's Court charging burglary. After a hearing in the Magistrate's Court the complaint was dismissed on the ground that no crime in fact had ever been committed.

If the mere institution of three unfounded civil actions constitutes a malicious prosecution warranting the issuance of an order of arrest without anything further being shown, the institution of three criminal actions resulting in the detention or incarceration of the plaintiff on each occasion, assuredly is equally outrageous.

The law with respect to civil orders of arrest is not only an ancient one, but an ever-changing one, and in consequence a case which may be good law at the time it is decided becomes very bad law indeed, if the Legislature subsequently repeals the enactment which was in force at the time of the original decision. The case of *Davis* v. *Scott* (15 Abb. Pr. 127), referred to in the decision of Mr. Justice HAMMER, was decided by the Court of Common Pleas in 1861. The Code of Procedure enacted April 12, 1848, and amended in 1849 and 1851 was in effect at that time.█ This Code was superseded by the Code of Civil Procedure, chapter 448 of the Laws of 1876, passed June 2, 1876, and the provisions with respect to the

orders of arrest were repealed by the repealing act, chapter 417 of the Laws of 1877, passed June 5, 1877. The Code of Civil Procedure in turn was repealed by section 1539, now section 1577, of the Civil Practice Act, reading as follows: " Repeal of code of civil procedure. Chapter four hundred and forty-eight of the Laws of eighteen hundred and seventy-six, chapter one hundred and seventy-eight of the Laws of eighteen hundred and eighty, and all statutes amendatory thereof and supplementary thereto, which constitute the code of civil procedure are hereby repealed."

A review of the constantly-shifting provisions affecting orders of arrest of these practice acts and of the earlier Code of Practice in civil actions adopted on April 12, 1848, and of the Stilwel act of April 26, 1831, indicate clearly how this limitation upon the granting of such orders was for a time in force, but at a later date, by legislative repeal, ceased to be the law. Prior to the adoption of the Stilwel act, arrest in all civil actions, both before and after judgment, was the customary procedure. The Stilwel act, chapter 300 of the Laws of 1831, effective March 1, 1832, marked the turning point in legislation affecting civil imprisonment. The act provided for the abolition of arrest or imprisonment in actions instituted for the recovery of money due under a judgment or decree founded upon contract or due upon any contract, express or implied, or for the recovery of damages for the non-performance of any contract. It provided, however, for several exceptions, permitting arrests in the case of contempts, actions for fines or penalties, or on promises to marry, or for moneys collected by any public officer, or for any misconduct or neglect in office or in any professional employment; also, if the defendant is about to remove any of his property or to commit a similar act.

The Code of Practice in Civil Actions, passed April 12, 1848 (Laws of 1848, chap. 379), continued the Stilwel act in force. Section 154, subdivision 1 of part II, title VII of this Code provided that an order of arrest might be obtained in an action for the recovery of damages on a cause of action not arising out of contract.

Section 156 of the same act introduced a new and important provision, as follows: " The order may be made, where it shall appear to the judge by the affidavit of the plaintiff, or any other person, that a sufficient cause of action exists, and (excepting in the cases mentioned in the second subdivision of section 154), that the defendant *is not a resident of the state, or is about to remove therefrom.*"

The *italicized* portion indicates the origin of the requirement with respect to the actual or prospective non-residence of the defendant.

Sections 153 and 154 of the Code of 1848 became sections 178

and 179 by chapter 438 of the Laws of 1849 and the new section 178 continued the effect of the Stilwel act and the acts amendatory thereof. Section 179, so far as pertinent, reads as follows: " The defendant may be arrested, as hereinafter prescribed, in the following cases:

" 1. In an action for the recovery of damages, on a cause of action not arising out of contract, where the defendant is not a resident of the state, or is about to remove therefrom, or where the action is for an injury to person or character, or for injuring, or for wrongfully taking, detaining, or converting property."

Whether by reason of the continuance of the Stilwel act and the acts amendatory thereof, which include the Code of Practice in Civil Actions adopted in 1848, and hereinbefore referred to, or through the ambiguity of the language of the present act, the question as to whether or not the transiency of the defendant was a prerequisite to the issuance of an order of arrest became moot.

One of the earlier cases (*Baker* v. *Swackhamer*, 5 How. Pr. 251), decided by the Supreme Court, Kings county, at Special Term, definitely held in an action for libel that an order of arrest might be granted on a showing that a sufficient cause of action existed, and that the former requirements with respect to the showing of special circumstances, other than a cause of action, had been repealed by the Legislature. The justice wrote: " There is no doubt that the present is a case where, under our former practice, the defendants could not be held to bail. This is an action for libel, and cause of action is shown by the plaintiff's affidavit, sufficient to justify an order of arrest, *if it is not now necessary for that purpose to show some special cause for requiring bail*. The good sense and practical utility of the former rule, I have never heard questioned anywhere. But it has been thought wise by the Legislature to extend the power of plaintiffs to arrest and hold to bail, in this class of actions. *That they have done so is too clear, I think, to be doubted*, from the plain declaration in section 179, ' that the defendant may be arrested where the action is for an injury to character,' together with a further declaration (§ 180 and 181) that an order of arrest may be made where it appears by the affidavit that a sufficient cause of action exists, and is one mentioned in section 179."

The case of *Davis* v. *Scott* (*supra*), decided December, 1861, referred to in the foregoing, was a New York Common Pleas decision, continuing in effect the practice established in the Supreme Court prior to the revision of 1828.

The case of *Blakelee* v. *Buchanan* (44 How. Pr. 97), decided by the Supreme Court, Oneida county, in 1872, reviews the former

and existing statutes and the cases which were decided under them. It holds that the Stilwel act continued effective despite the adoption of the Code of Procedure. On the other hand, it approves the case of *Baker* v. *Swackhamer* (*supra*), holding that the defendant is not entitled to have the order vacated upon the ground that no special cause for requiring bail is set up in the plaintiff's affidavit upon which the order was granted. As to *Davis* v. *Scott* (*supra*), it finds proper the conclusion therein contained that an order of arrest should be refused in trivial actions calling only for nominal damages, but makes no reference to the other rule adopted in the *Davis* case as to the transiency of the defendant. The motion to vacate the order of arrest was thereupon denied.

The adoption of the Code of Civil Procedure in 1876 and the enactment of the repealing act of prior procedure legislation in 1877 definitely removed all doubt with respect to the requirements for the granting of an order of arrest. Since that time, upon motions to obtain or to vacate an order of arrest based upon the sufficiency of the papers, the court completely ignored all reference to the transiency of the defendant. It was a point neither in favor nor against; it was merely completely irrelevant.

In the case of *Crandall* v. *Jacob* (22 App. Div. 400), decided by the Appellate Division of this Department in 1897, an order of arrest was granted upon a complaint setting forth a cause of action in slander and affidavits elaborating on the cause of action, but containing not a single word with respect to the residence of the defendant. A motion to vacate the order of arrest on the ground that the papers were insufficient was denied. Upon appeal, the Appellate Division considered only the single question of the sufficient setting out of the cause of action. Finding that it was adequately stated, both in the complaint and in the affidavit, the Appellate Division unanimously sustained the order of arrest.

A similar situation was presented in the case of *Juskovitz* v. *Rafsky* (130 N. Y. Supp. 839), Appellate Term, First Department.

It is apparent that whether or not the defendant is a resident is not an issue upon an application for an order of arrest, although that fact may be considered if the facts set forth in the affidavit in support of the order are insufficient. All that is required to obtain an order of arrest under section 826 of the Civil Practice Act is that the action be one to recover damages for a personal injury, and inasmuch as section 37-a of the General Construction Law states that a " 'personal injury' includes * * * false imprisonment, * * *," the plaintiff's complaint and affidavit in support of the order bring him squarely within this section.

The motion is, therefore, denied.