Brooks *v.* McLellan.

SAME TERM.     *Before the same Justice.*

BROOKS *vs.* McLELLAN.

Where a judge's order is necessary for holding the defendant to bail in actions of tort, something more must be stated in the affidavit than merely a cause of action. Some special cause must be shown, in addition.

A resident of the state will not be held to bail, unless evidence is produced to justify the apprehension that he will not be within the jurisdiction of the court, to answer the plaintiff's demand, when judgment shall be obtained against him.

THIS was a special action on the case for deceit. The defendant was held to bail on a judge's order, and a motion was now made by him to vacate the order.

*R. H. Waller,* for the plaintiff.

*Mr. Norris,* for the defendant.

EDMONDS, J.    The rule for holding to bail in actions of tort is, that in all cases where a judge's order is necessary, something more must be stated in the affidavit than merely a cause of action. Some special cause must be shown in addition, such as, that the defendant is a non-resident, or that he is about to depart out of the state, and the like. A resident of the state cannot, in such cases, be held to bail, unless evidence is pro-

duced to justify the apprehension that he will not be within the jurisdiction of the court to answer the demand, when judgment shall be obtained against him.

Order discharged.

