# SUPREME COURT.

MURTAUGH DEMPSEY agt. MITCHEL LEPP.

An action for malicious prosecution may be maintained for instituting civil suits, where the suits are commenced maliciously and without probable cause and terminated in favor of the plaintiff.

In such a case an order of arrest, under section 179 of the Code, is authorized.

*Albany Special Term, October,* 1876.

MOTION to vacate an order of arrest.

The complaint alleged that the defendant, on the 8th day of July, 1876, maliciously intending to injure the plaintiff in his good name and otherwise, and without reasonable or probable cause, procured and caused to be served a summons from the "justices' court of the city of Albany," directed to the defendant, returnable on the fourteenth day of July, then instant, to answer said Lepp for debt, damages $200 or under. On the return day, Lepp appeared and declared for fifty dollars damages for an injury to his cow. Issue was joined, and the cause was adjourned for one week, when said Lepp appeared and voluntarily discontinued the suit and paid the costs. The complaint also set out two other suits commenced in the name of one Julia Lepp, the wife of Mitchel Lepp, against the plaintiff, before one David Couse, justice of the peace of the town of Bethlehem, for the same alleged cause of action, and both of which were discontinued by said Mitchel Lepp. It also alleged adjournments in one of the last mentioned suits. It also alleged that such suits were malicious, unfounded and unjustifiable, without probable

cause, were instigated by the defendant, and that the plaintiff was greatly injured. The complaint was verified.

The affidavits supported the allegations in the complaint, and also showed that Lepp had no interest in the cow in question; and had declared that he commenced the several suits "to get even with Dempsey;" also, Lepp said on one occasion (speaking of the matter to Dempsey), "I will bring you again and again and again." The affidavits also showed that Lepp could have tried either of the three cases upon any of the days when the parties appeared, as Dempsey was ever ready, but refused to do so.

Upon the complaint and affidavits, honorable Thomas J· Van Alstyne, county judge of Albany county, granted an order of arrest, directing the defendant to be held to bail in the sum of $300. The defendant now seeks to have said order of arrest vacated.

*Mr. Malley*, for the motion, cites the following cases: 2 *Wils.*, 305; 1 *Salk.*, 14; 1 *B. & P.*, 205; 1 *Chitty Plea.*, 136; 2 *id.*, 191; 1 *Bacon Ab.*, 96; 15 *Abb.*, 127; 6 *Abb.* (*N. S.*), 9, 23 ; 39 *How.*, 432, 439; 56 *N. Y.*, 451; *Code, secs.* 178, 179, 181, 204.

*Edward J. Meegan*, in opposition thereto, for the plaintiff, urged:

I. To sustain malicious prosecution of a civil suit there need be no arrest (1 *Hill on Torts*, 422, 435, 451; 2 *Add. on Torts*, 752, *and note n. ;* 1 *Wend.*, 345; 41 *Barb.*, 290).

II. The three elements of malicious prosecution — *a.* The termination of prosecution in favor of the plaintiff. *b.* Want of probable cause. *c.* Malice. — concurs in this case (10 *N. Y.*, 236).

III. The voluntary discontinuance of civil suit throws upon defendant the burden of showing probable cause (19 *Wend.*, 417), and the abandonment of charge sufficient (36 *N. Y.*, 11; *Van Santvoord's Plead.* [*Moak's ed.*], 370).

Dempsey agt. Lepp.

IV. The case is a proper one, under section 179 of the Code, for an order of arrest (4 *Bosw.*, 627 ; 4 *How. Pr.*, 234 ; 3 *Code R.*, 9 ; 1 *Wait's Prac.*, 615).

WESTBROOKE, *J.* — This motion, by stipulation, was heard only on the affidavits upon which the order was made. It is an action for a *tort*, and can be regarded as an injury to the person as well as an action for seduction or criminal conversation.

Motion to vacate order of arrest denied.