David McClure, as Temporary Receiver of The Life Union, Respondent, *v.* Louis P. Levy, Appellant.

*Order of arrest — cause of arrest identical with cause of action.*

When an order of arrest has been granted in an action in which the cause of arrest is identical with the cause of action, it should not be vacated if there is evidence before the court tending to sustain the allegations of the complaint which constitute a ground of arrest, and it is not made to appear with reasonable certainty that the plaintiff cannot recover in the action.

Appeal by the defendant, Louis P. Levy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 9th day of March, 1893, denying the defendant's motion to vacate an order of arrest, granted under section 549 of the Code of Civil Procedure.

The order of arrest was made upon a verified complaint and upon affidavits alleging in substance that the defendant, while president of the Life Union, an assessment insurance company, wrongfully withdrew from the funds of the company the sum of $10,141.06, and embezzled and converted the same to his own use.

In the papers presented by the defendant upon his motion to vacate the order of arrest, he denied that he was liable to return said money, but, on the contrary, claimed that it was properly paid to him to reimburse him for moneys advanced in taking up certain notes issued by the Life Union, and which were at that time in his possession, and that such payment was duly authorized by the corporation.

In reply, the receiver contended that the notes were non negotiable in form, and were without consideration and void ; that the defendant knew the facts connected with the issuing of the notes, and that the notes were improperly paid out of the reserve fund of the company.

*Isaac L. Egbert*, for the appellant.

*Herbert B. Turner*, for the respondent.

Per Curiam :

In this action, the cause of arrest is identical with the cause of action, and the order of arrest should not be vacated, unless it

appears with reasonable certainty that the plaintiff cannot recover in the action. From the facts before the Special Term, it would appear that this defendant appropriated the funds of the company for the payment of notes of doubtful validity, which were not negotiable in their character, and the money was paid out of a fund which was pledged to the certificate holders, and not to be applied to the general uses of the corporation. To entitle the plaintiff to recover in the action at all, it is necessary to prove the allegations of the complaint, that the defendant wrongfully withdrew from the funds of the corporation the sum of $10,141.06, and embezzled and converted the same to his own use, and we think there was before the court evidence tending to sustain that allegation.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., and INGRAHAM, J.

Order affirmed, with ten dollars costs and disbursements.