John P. Holt and Another, as Assignees, etc., Respondents, *v.* James P. Streeter, Appellant.

*Order of arrest — non-joinder of defendants — plea in abatement — several tort feasors.*

A complaint which alleges that the defendant, as agent of the plaintiffs, was intrusted by them with the sale of certain goods, with authority to collect and receive the proceeds and to pay over the same to the plaintiffs; that the defend-ant acted for the plaintiffs in a fiduciary capacity and, while so acting, sold the goods, collected the moneys, and neglected and refused to pay over the same, for which judgment is demanded, constitutes an action in tort, warranting the issuance of an order of arrest

A plea in abatement on the ground of the non-joinder of necessary parties defend-ant is bad when it fails to allege that the parties not joined are within the juris-diction of the court.

Where more than one, as, *e. g.*, the members of a firm, have wrongfully con-verted the plaintiff's property, he may proceed against any of the tort feasors, without joining the others.

Appeal by the defendant, James P. Streeter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New-York on the 4th day of October, 1893, denying the defendant's motion to vacate an order of arrest theretofore granted to the plaintiffs.

The complaint demanded judgment for the sum of $2,368.37 and interest, being the balance of the proceeds of goods alleged to have been sold by the defendant as the plaintiffs' agent, over and above the defendant's commissions, which balance he retained and refused to pay over.

*John A. Grow*, for the appellant.

*Chas. E. Rushmore*, for the respondents.

Per Curiam:

The complaint alleges that the defendant, as the agent of the plaintiffs, was intrusted by them with the sale of certain goods, with authority to collect and receive the proceeds of such sales and to remit and pay over the same to the plaintiffs when collected, and that he acted for the plaintiffs in a fiduciary capacity. It further

alleges that, while so acting, he sold the goods, collected the moneys, and neglected and refused to pay over the proceeds. The grounds upon which the order of arrest was sought to be vacated were, *first,* that the action itself was one *ex contractu ;* and, *second,* that the defendant was a member of the firm of James P. Streeter & Co., the other members being one Richardson and the defendant's wife, and that the failure to join them shows a non-joinder of necessary parties defendant, which is urged as a plea in abatement.

With respect to the first, it is clear from the substance of the complaint given that the action is one in tort, by which it is sought to recover from the defendant the property of the plaintiffs which he has wrongfully converted, as alleged, to his own use. To the plea in abatement there are two answers : *First,* that the plea itself is bad, in that it fails to allege that the other parties are within the jurisdiction of the court, and, *second,* that because, if there was more than one who had wrongfully converted the property of the plaintiffs, they would be at liberty to proceed against any of the tort feasors. Apart, however, from the last consideration we think it clearly appears that the transactions were with the defendant personally, but whether this view is finally established or not, the preponderance of proof is not at present in favor of the defendant upon this question.

Our conclusion is that the order was right and should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.