### LEVY v. BERNHARD.

(Supreme Court, Appellate Division, First Department. March 6. 1896.)

ARREST—MOTION TO VACATE—AFFIDAVITS—PROOF.
　　Where defendant in a civil action moves to vacate an order of arrest, as is provided he may in Code Civ. Proc. §§ 567, 568, on proof by affidavits, it is the duty of the court to examine such affidavits, and to dispose of the case according to the just preponderance of the proof as contained in them.

Appeal from court of general sessions, New York county.

Action by Isaac Levy against Adolph Bernhard for conversion. From an order denying a motion to vacate an order of arrest, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Simon Sultan, for appellant.
A. A. Redfield, for respondent.

RUMSEY, J. This action was begun in October, 1895. The complaint alleged substantially that on the 1st day of November, 1893, the plaintiff was the owner of certain goods of the value of $26,000, which were in the possession of the defendant as the factor and agent of the plaintiff, under an agreement by which he was to

sell the goods, and account to the plaintiff for the sales, and pay over to him the proceeds; and that on the said 1st day of November, 1893, the defendant, being such factor as aforesaid, unlawfully and fraudulently converted, misapplied, and disposed of said property to his own use; and that the plaintiff had frequently demanded the property, but the defendant refused to deliver the same to him. The affidavit upon which this order was granted stated more in detail the same facts, and described the time when the conversion took place as the 1st day of November, 1893. The date is important. It further stated, however, that, after the 1st day of November, the plaintiff himself had sold a certain portion of the goods to the firm of Herzog Bros.; that Herzog Bros. gave a check for the price of them to the defendant; and that the defendant on that day converted this check to his own use. Upon these facts, made to appear somewhat more at large, the order of arrest was granted. Upon the motion to vacate the order, it was made to appear that on the 11th day of November, 1893, the plaintiff released the defendant from all claims which he had against him, and that the result of the settlement was that the defendant was to sell certain goods of the plaintiff's then in his possession, and to retain out of their proceeds the sum of $5,000 which was due from the plaintiff to him. It is fair to infer from the evidence that the $4,000 of Herzog was a portion of the $5,000 which the defendant was entitled to retain. Upon the affidavit showing these facts, the motion to vacate was made. The facts appearing by the moving affidavit were uncontradicted and unexplained, and they establish almost conclusively, not only that the plaintiff had no cause of action against the defendant upon which this order of arrest was issued, but that he knew he had no cause of action, and that his affidavit was utterly false, and known to be so at the time he made it. The learned justice, however, who decided the case, in spite of these facts, denied the motion to vacate the order of arrest. No opinion was written by him, and we are therefore not informed of the ground upon which he puts his decision. It may be inferred, however, that it was decided upon the authority of certain cases, which seem to lay down the rule that, when the order of arrest is granted upon the grounds which are identical with the cause of action, the controversy should be left to an investigation at the trial, and should not be decided upon conflicting affidavits upon a motion to vacate the order of arrest. Welch v. Winterburn, 14 Hun, 518. It is quite true that that rule is stated by the justice delivering the opinion in the case last cited, and is laid down in some other cases; but, in our judgment, it does not state the true rule which should be applied to cases of this kind, and it is not necessarily decided to be the true rule in any of the cases which we have been able to discover, even the one cited above. By sections 567 and 568 of the Code of Civil Procedure, the right is expressly given to the defendant to move to vacate the order of arrest either upon the papers upon which it was founded, or upon new papers, at his discretion. This right is one of considerable importance in actions of this kind. The court of appeals have said

that, where an order of arrest is granted in these actions, the defendant can contest the right to arrest him upon a preliminary motion to set aside the order, and may also contest the alleged cause of action, of course, upon the trial. Elwood v. Gardner, 45 N. Y. 349, 352. It would be useless for the defendant to move to vacate the order of arrest in these cases if his motion was not to be heard upon the merits; and, if not so heard, it is idle to say that he could contest the right to arrest upon the motion to vacate. We think that he has that right, and that it is not only given to him by the Code, but it exists and the authorities recognize it to the fullest extent. In the case of Liddell v. Paton, 7 Hun, 195, where the order of arrest was issued in an action of the same nature as this, it was urged, upon a motion to set aside the order, that the defendant could only contest his liability to arrest upon the trial by making a successful defense there. But that principle was repudiated by the court, which says that the right to apply for his discharge upon a motion to vacate is secured to all persons who have been arrested in a civil case, and that, when such a motion is made, the affidavits should be carefully examined, and the application disposed of according to the just preponderance of the proof. That case has been examined and cited in two cases not reported in the regular series, and has been approved in each. Bailey v. Prince (Sup.) 5 N. Y. Supp. 896; Hayes v. Beard (Sup.) 13 N. Y. Supp. 692. In each of these cases the rule is laid down that when a motion to vacate an order of arrest is made, although the right to arrest grows out of the cause of action, it is the duty of the court to examine the affidavits, and to dispose of the case according to the just preponderance of the proof as contained in them. The case of Welch v. Winterburn, cited above, does not conflict with this rule. In that case the court say that, upon the merits, the facts were sufficient to sustain the order, and all else that is said in the opinion is dictum, and not necessary to the decision of the case. The case of Peck v. Lombard, 22 Hun, 63, was decided without any particular examination, solely upon what was supposed to have been held in the case of Welch v. Winterburn, supra. The case of McClure v. Levy, 68 Hun, 525, 22 N. Y. Supp. 1006, does not lay down any different rule from that stated by us above. We think that in cases of this kind, wherever a motion to vacate the order of arrest is made, the courts should examine the affidavits, and decide the motion as the facts therein are made to appear, no matter whether the grounds of arrest are identical with the facts which establish the cause of action, or extrinsic to the cause of action.

The order denying the motion should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.