(25 App. Div. 125.)

### GEORGE v. JOHNSON et al.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.

In an action for malicious prosecution, it appeared that the charge of petit larceny upon which the plaintiff was tried and acquitted was based on the fact that he had removed to his cellar certain boards which had formed a fence between his premises and defendant's, and which members of defendant's family had, without right, piled up on plaintiff's land. This removal was made openly, without attempt at concealment, in the sight of several persons, including at least one member of defendant's family. No demand for the boards was made on him, and no complaint made of his acts until he was charged with larceny. Held, that the facts justified a finding of absence of probable cause for accusing him of theft.

2. SAME.

At the trial the judge charged that "probable cause is merely such a state of facts as would induce in the mind of an ordinary prudent person a

strong suspicion that a crime has been committed." Held, that the term "strong" did not constitute a departure from a correct statement of the definition.

**3. SAME—EVIDENCE.**

The judge also admitted testimony to show that no demand had been made upon plaintiff for the boards. Held admissible, as bearing on the want of probable cause, and perhaps also on the question of malice.

**4. SAME.**

Defendant, by answer and at the trial, reasserted the truth of the criminal charge. Held, that this warranted the admission of evidence by plaintiff that he had no other object, in removing the boards, except to clear out his yard.

Appeal from trial term, Kings county.

Action by Frederick B. George against David Johnson and Edward F. Linton. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. F. Van Thun, Jr. (Cyrus V. Washburn, on brief), for appellants. Thomas Darlington, for respondent.

WILLARD BARTLETT, J. This is an action for malicious prosecution, in which the jury rendered a verdict awarding the plaintiff damages in the sum of $150 against the defendant Johnson, and $600 against the defendant Linton. After the rendition of the verdict, the learned trial judge made an order directing that it be set aside unless the plaintiff stipulated to reduce the recovery against both defendants to the sum of $150. The stipulation thus required was subsequently given, and judgment was entered for $150 and costs.

Four questions, and only four, appear to be presented by the appellants for consideration and determination upon this appeal.

The first question is raised by the denial of the defendants' motion to dismiss the complaint, and relates to the sufficiency of the proof introduced by the plaintiff to establish want of probable cause in the criminal proceedings which the defendants instituted against him. The charge was originally grand larceny, but this was withdrawn, at the instance of the assistant district attorney, who conducted the case for the people, and a charge of petit larceny was substituted therefor, upon which the present plaintiff was tried and acquitted. The information, which was sworn to by the defendant Johnson, alleged that on or about the 20th day of May, 1895, "one Frederick B. George did steal, take, and carry away from the possession of this deponent, from the premises known as '210 Cleveland Street,' in the city of Brooklyn, a wooden fence, valued at about twenty dollars, the property of this deponent." It appears that the plaintiff and the defendant Johnson occupied adjoining premises on Cleveland street, the plaintiff being a tenant of the defendant Linton. Between the lots was a wooden fence, which sagged over towards the premises occupied by the plaintiff, and a portion of which had blown down. In the absence of the plaintiff from his home, some person or persons in the household of the defendant Johnson took down the fence, and piled the boards in the plaintiff's yard. Find-

ing them there, and apparently being somewhat incensed at this occupation of his yard without his consent, the plaintiff removed the boards to the cellar way of his house. This he did without any attempt at concealment. "While I was doing it," he testifies, "I saw my wife and my sister-in-law, and also some of the Johnson folks, next door, looking at me." He did nothing with the boards after that, and left them where he had thus placed them, when he vacated the premises, about a month later. No demand was ever made upon him by any one for their return, nor does any complaint appear to have been made in respect to his conduct in storing them away in this manner until the charge of larceny was made against him, before the police justice. The responsibility of the defendant Johnson for this charge was plain enough, inasmuch as he swore to the information. The responsibility of the defendant Linton was based upon evidence to the effect that he had instigated the prosecution by advising the defendant Johnson to make the complaint. The evidence as to the circumstances under which the plaintiff took the boards was somewhat conflicting, and for this reason the learned trial judge left the question of want of probable cause to the jury. The boards had been placed upon premises of which the plaintiff was the lawful occupant, without his consent, and he was plainly under no legal or moral obligation to allow them to remain where he found them. There was nothing unlawful in removing them to another part of the premises, for convenience or safe-keeping, until they should be demanded by their owner; and larceny could not be predicated on his act in placing them in the cellar way, unless it could be held that he thus secreted, withheld, or appropriated them to his own use, with the intent to deprive the true owner of his property therein. Pen. Code, § 528. But the circumstances of the removal, which was made publicly, and without the slightest effort at concealment, and was, indeed, witnessed by the father of the defendant Johnson, negatived the inference of any criminal intent, and fully justified the jury in finding that there was nothing in the plaintiff's conduct which constituted probable cause for accusing him of theft.

The appellants complain, however, not only of the action of the trial court in leaving the question of the want of probable cause to the jury, but of the language used in the charge on that subject. After telling the jury that it was not necessary, in order to justify the defendants in making the complaint, that the plaintiff should in fact have stolen the boards, the learned judge said:

"Probable cause is merely such a state of facts as would induce in the mind of an ordinary prudent person a strong suspicion that a crime has been committed; so that if the facts as they were known by Mr. Johnson, the defendant, were such as would have created, or might have created in a person of ordinary prudence, a strong suspicion that the plaintiff intended to steal these boards, that is all that is necessary in order to justify him in making the criminal charge."

Objection is made to the use of the adjective "strong," and it is said that all the law requires is that there shall be a reasonable ground of suspicion. The authorities, however, support the instruction given. "Probable cause," said Bronson, C. J., in Foshay v. Fer-

guson, 2 Denio, 617, "has been defined, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." This definition has repeatedly been approved. Carl v. Ayers, 53 N. Y. 14; Anderson v. How, 116 N. Y. 336, 343, 22 N. E. 695. What was said to the jury in the present case was, in substance, a paraphrase of it, which must have conveyed to their minds substantially the same idea, and nothing more.

The third point of the appellants relates to an alleged error of the trial judge in admitting testimony to show that no demand had ever been made of the plaintiff for the boards. This evidence, we think, was clearly admissible, as bearing upon the question of want of probable cause, and perhaps also on the question of malice. If a demand had been made by the owner, and not complied with, it might well be said that the plaintiff was endeavoring to appropriate property which did not belong to him. On the other hand, it may be suggested that the defendant Johnson, under all the circumstances, knowing perfectly well where the boards were, was not justified, without any effort to obtain them, in believing that they had been taken feloniously.

Finally, it is contended that error was committed in allowing the plaintiff to testify that he had no other object in view when he moved the boards except to clear out his yard. In support of the objection and exception taken to the admission of this evidence, reference is made to the case of King v. Colvin, 11 R. I. 582, which was an action for malicious prosecution, in which it was held that facts tending to show the plaintiff's innocence, but not known to the defendant at the time of the accusation, were not relevant to the issue, since the question of probable cause did not depend upon the actual guilt or innocence of the accused, but upon the prosecutor's belief in it at the time of the prosecution, upon reasonable grounds. That decision, however, has no application to the case at bar, for here the defendants, by their answer, not only denied that they had acted without probable cause, but averred that the plaintiff took and carried away the wooden fence belonging to the defendant Johnson, and stored the same on his premises, and that, "because of such larceny, the defendant Johnson caused the warrant to be issued." Although the plea of justification which the answer thus attempted to set up may not have been very artistically drawn, it was insisted upon by counsel upon the trial of the present action as an allegation that the plaintiff actually stole the boards. This appears from a colloquy between court and counsel, which is found in the record. In an action of this kind, the failure of the criminal prosecution is not conclusive upon those by whom it was instituted. They may still assert and prove, if they can, that the accused person really committed the offense charged. Barber v. Gould, 20 Hun, 446. It follows, as a matter of course, that, where the truth of the criminal charge is asserted in a subsequent suit for malicious prosecution, the accused person, who is the plaintiff in such suit, may introduce any evidence legitimately tending to establish his innocence; and, where intent is

an essential element of the offense in question, he may ordinarily be allowed to testify to his purpose in doing the act which is the subject of the accusation.

The judgment and order appealed from should be affirmed, with costs. All concur.