(28 Civ. Proc. R. 362; 25 Misc. Rep. 654.)

ARGRAVE v. BLACKMAN et al.

(Supreme Court, Special Term, New York County.  December, 1898.)

ARREST IN CIVIL CASE—VACATION—EVIDENCE.

   Contention of defendant B., on motion for vacation of order of arrest in action for proceeds of flour alleged by plaintiff to have been consigned to defendants as commission merchants, and sold by them, that the flour was consigned to defendant L. alone, and that B. was merely clerk for L. and had no other connection with the transaction, is not sufficiently made out, though the bill of lading was to order of plaintiff, "notify L.," and plaintiff addressed a letter to L. alone, demanding payment of proceeds and threatening suit; his contention as to his relation to L., and that he orally explained it to plaintiff, resting solely on his own statement; it appearing that prior to June, 1896, he had been in business as a commission merchant under the firm name of B. & Co.; that on June 15th he became financially involved, and subsequently judgments were recovered against him, preventing his doing business in his own name; that, immediately after, he made arrangements with L., and addressed a circular to plaintiff, who had had previous business relations with him, though not, so far as appears, with L., which was on a letter head reading, "B., Associated with L., Commission Merchants," was signed by B. alone, and, after announcing dissolution of the firm of B. & Co., proceeded: "I beg to solicit a continuance of business. * * * Kindly note my new address as above, and that all goods want to be consigned shipper's order, * * * notify L."

Action by Henry A. Argrave against James J. Blackman and another. Defendant Blackman moves to vacate order of arrest. Denied.

Campbell & Hance, for plaintiff.
Joseph H. Beall, for defendants.

SCOTT, J. In this action the cause of arrest is identical with the cause of action. Holt v. Streeter, 74 Hun, 538, 26 N. Y. Supp. 843. The authority holding to the contrary, cited by defendant, antedates the amendment to the Code of Civil Procedure adopted in 1886. Notwithstanding this identity, however, it is now necessary, upon a

motion like the present, to examine the affidavits, and to vacate or uphold the order as the fair and just preponderance of proof requires. Levy v. Bernhard, 2 App. Div. 336, 37 N. Y. Supp. 849. In the present case the action is for the proceeds of two shipments of flour alleged to have been consigned to the defendants as commission merchants, and sold by them. The defendant Blackman, who alone moves to vacate the order of arrest, avers that the flour was consigned to his co-defendant, Bunker, that Bunker made certain advances upon the shipments, that the proceeds of the sale were received by Bunker, that the account sales were made out by Bunker in his own name, and that a demand for the payment over of the net proceeds was addressed by plaintiff to Bunker alone, and not to the defendant Blackman. He undertakes to substantiate this position by showing that the bills of lading are made out to "order of H. A. Argrave. Notify L. E. Bunker, 274 Washington street, New York"; and he produces a copy of the letter addressed by plaintiff to Bunker alone, demanding payment of the proceeds of the sale, and threatening suit. He further alleges that his (Blackman's) only relation to Bunker was that of a clerk, receiving a fixed salary, and that his only connection with the disposition of the flour was that, as Bunker's clerk, he effected the sale on the floor of the produce exchange; that the proceeds of the sale were received, not by himself, but by Bunker, and deposited by the latter in his own individual bank account. Of course, if this story be true, the plaintiff has neither a good cause of action nor sufficient grounds of arrest against Blackman. I am by no means satisfied, however, of the truthfulness of the defendant's story. So far as his arrangements and agreement with Bunker are concerned, it rests solely upon his own unsupported affidavit; and there are circumstances detailed in the same affidavit which awaken a strong suspicion that Bunker was used by the defendant Blackman as a mere cloak or cover, and that he himself, either alone or in conjunction with Bunker, was the actual actor in the transaction. It appears that prior to June, 1896, Blackman had been engaged in business in the city of New York as a commission merchant, receiving and selling shipments of flour, under the firm name of James J. Blackman & Co.; that on or about June 15, 1896, he became financially involved, and subsequently judgments were recovered against him, which prevented his doing business as a commission merchant in his own name; that immediately afterwards, and in the same month, he entered into the agreement he details with Bunker, and began to solicit business. Among those whom he addressed for that purpose was the plaintiff, with whom he seems to have had previous relations, but who is not shown to have had any previous knowledge of, or business relations with, Bunker. On June 16, 1896, the defendant Blackman addressed a letter to the plaintiff, soliciting a continuance of business. This letter was written upon a printed letter head, reading as follows: "J. J. Blackman, Associated with L. B. Bunker, Commission Merchant." It is to be observed that this letter head does not purport to define the nature of the "Association" between Blackman and Bunker, and that the descriptive words "Commission Merchant" are so used that they may be deemed to apply either to Blackman or to

Bunker. The letter is signed by Blackman personally, and, after announcing the dissolution of the firm of J. J. Blackman & Co., proceeds as follows:

"I beg to solicit a continuance of business, and as in the past, so for the future, by unceasing personal attention to every interest confided to my care, hope and expect to merit a large increase of shipments. Kindly note my new address as above, and that all goods want to be consigned shipper's order, New York, notify L. E. Bunker, 274 Washington street, lighterage free, and so inserted in B. of L. With large samples, and full advices as to quantity to offer, how soon to be shipped, each and every road you can ship to arrive here by, and lowest at which I can offer, can often sell to arrive, and will promptly report result of my efforts. Hoping to hear from you soon, with shipments, I remain,

"Yours, respectfully, J. J. Blackman."

This certainly was not, upon its face, at least, the letter of a clerk seeking consignments to his employer, but was entirely consistent with what I deem to be the fact, that Blackman, unable, by reason of the judgments against him, to do business openly in his own name, proposed still to do business on his own account under the cover and protection of Bunker's name; and I have no doubt that the plaintiff so understood the matter, and believed, when he shipped the flour nominally to Bunker, that he was in reality shipping it to Blackman. It is true that Blackman swears that he orally explained to plaintiff what he now asserts was his true relation to Bunker, but I am disposed to reject as improbable so much of his statement in that regard as is inconsistent with the general tone and purport of the letter from which I have quoted.

Upon the whole case, as made out by the affidavits before me, I cannot say that the defendant has established his contention by such a preponderance of proof as would justify the vacation of the order of arrest. Motion denied, with $10 costs.