JOSEPH F. C. LUHAN, Respondent, *v.* CHARLES SLAVIK, Appellant.

First Department, January 14, 1921.

False imprisonment — complaint not connecting defendant with arrest of plaintiff insufficient — amendment of complaint on trial to allege that plaintiff was arrested at malicious instigation of defendant — evidence — entries in police blotter not admissible — special damages to be pleaded — competency of evidence of malice in fact — conclusion of witness not admissible — instructions — charge that proper court had passed on guilt or innocence of plaintiff improper — verdict against evidence — new trial.

A complaint in an action for false arrest is insufficient which alleges merely that the plaintiff was arrested without a warrant by a police officer and does not allege that the defendant authorized or directed the arrest.

The plaintiff having elected to proceed on the theory of false arrest and the defendant having moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, it was error to permit the plaintiff to amend his pleading upon the trial by inserting an allegation " that the plaintiff was arrested by the malicious instigation of the defendant, by a police officer of the city of New York without a warrant," for the amendment not only made a bad pleading good, but enabled the plaintiff to ask for exemplary damages, a right of which he could not have availed himself under the original complaint.

*It seems,* that the amendment would not have been objectionable if it had been allowed on condition that the trial be set down for a subsequent date to enable the defendant to prepare therefor.

The entries in the police station blotter, which purported to be a record of plaintiff's arrest, were not admissible in evidence on behalf of the plaintiff.

It was error to admit testimony tending to establish special damages where none had been pleaded.

As the complaint stood before the amendment evidence to show malice in fact was incompetent.

It was error to permit the plaintiff to be asked " When Mr. Slavik [defendant] signed the complaint at the police station, you knew of his previous endeavors to secure a warrant," for the question involved a conclusion of the witness.

It was error for the court to charge " that the properly constituted court has determined and passed upon the guilt or innocence of the plaintiff," for the fact that the magistrate did not hold the plaintiff to await the action of the grand jury was no evidence of the innocence of the plaintiff.

Because of the errors aforesaid and the insufficiency of the evidence to sustain the verdict the judgment in favor of the plaintiff should be reversed and a new trial ordered.

APPEAL by the defendant, Charles Slavik, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of April, 1920, upon the verdict of a jury for $1,000.

*O. H. Droege,* for the appellant.

*George H. D. Foster,* for the respondent.

GREENBAUM, J.:

The plaintiff was arrested on the 16th day of July, 1918, by a police officer. At the time of his arrest he was the president of a corporation known as the American Middelburg Transvaal Corporation and the charge preferred against him was forging an indorsement on a check for $200, drawn by him against a special account which he had opened in his name for the benefit

of the corporation of which he was president. His defense was that he drew the check to the order of a Mrs. Tvrdy, whose husband had a claim against the corporation for printing which the plaintiff had theretofore paid out of his own money and that the check was indorsed over to him by the payee, so that he would thereby be reimbursed for his payment of the bill.

The complaint alleges (1) " that on or about the 16th day of July, 1918, plaintiff was arrested without a warrant by a police officer of the City of New York and taken to the East 67th Street Police Station, where the plaintiff was confronted by the defendant, Charles Slavik, who then and there signed a complaint charging the plaintiff with the crime of forgery." Then follow allegations (2) setting forth plaintiff's detention at the station house for four hours after which he was released on bail in the sum of $2,000; his subsequent appearance before a city magistrate on the seventeenth day of July on which occasion the defendant charged him with having committed the crime of forgery, and his discharge on or about the twenty-third day of August after a full hearing.

There was no allegation in the complaint that the arrest without a warrant was directed or authorized by the defendant. The complaint merely stated that the plaintiff was arrested without a warrant by a police officer and that when he reached the police station he was confronted by the defendant who then and there signed a complaint charging him with the commission of the crime of forgery. As matter of fact the undisputed evidence is that Slavik did not sign any complaint at the police station, but that it was sworn to by him as above stated on July seventeenth in the Magistrate's Court.

There were other allegations in the complaint which would indicate that the action was for malicious prosecution, were it not for the fact that there were no allegations of malice nor of want of probable cause. At the opening of the trial the defendant moved that the plaintiff elect whether he was proceeding on the theory of false arrest or of malicious prosecution. The plaintiff elected to proceed upon the theory of false arrest, whereupon the defendant moved to dismiss the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. Discussion then ensued between both counsel and the court and the plaintiff's

counsel thereupon asked that the first paragraph of the complaint be amended so as to include an allegation " that the plaintiff was arrested by the malicious instigation of the defendant, by a police officer of the city of New York, without a warrant." The defendant objected to such an amendment at that time and stated that he was not prepared to try the case upon that theory and that he had come prepared to try it on the issues outlined in the pleadings. The court granted the amendment and the defendant excepted.

The original complaint was clearly insufficient in law in failing to allege that the defendant authorized or directed the arrest of plaintiff without a warrant.

We think it was error on the part of the learned court to permit upon the trial an amendment which not only made a bad pleading good, but which also enabled the plaintiff to ask for exemplary damages, a right of which he could not have availed himself under the original complaint. A juror might have been withdrawn and plaintiff allowed to apply for leave to amend at Special Term or, if the amendment were made upon the trial, it should have been coupled with the condition that the trial be set down for a subsequent date to enable the defendant to prepare therefor.

The first piece of testimony offered by plaintiff was the introduction in evidence of the police station blotter, which purported to be a record of the arrest, and which stated, among other things, that the plaintiff was arrested *by defendant* at his (plaintiff's) residence. It was admitted over defendant's objection and defendant duly excepted. The blotter entries on their face show that they were mere recitals of incidents in the case, some of them relating to the police department's connection therewith and others to its version of the proceedings in the Magistrate's Court which could have no probative force as against the defendant. The blotter entries were clearly inadmissible. The mischief resulting from permitting such entries in evidence is peculiarly manifest from the fact that they incorrectly state that the "prisoner was arrested by the complainant [referring to defendant] at his [meaning plaintiff's] residence." The plaintiff himself admitted that defendant did not arrest him nor come to his residence and that the police officer alone and unaccompanied by any one arrested him at his residence.

The plaintiff after detailing the circumstances under which he was arrested was permitted to testify, despite the objections of defendant that no special damages had been pleaded, as follows: " I lost my sleep; I lost my appetite; I was nervous and I could not do any surgical or gynecological work, which was my specialty." The defendant excepted to the rulings of the court in overruling defendant's objections and thereafter asked that the various answers be stricken out which the court denied and to which an exception was duly taken.

The plaintiff was next examined as to his relations with the American Middelburg Transvaal Corporation, in connection with which the alleged forgery arose. Objection was made to this testimony and overruled. Plaintiff's attorney said that he merely desired to lay the foundation for the charge of malice in causing the arrest. The court stated: " There is malice in law that may be inferred from the fact of the arrest to sustain a verdict for compensatory damages. Mr. Foster [plaintiff's attorney]: But I wish to show the malice in fact. The Court: You may proceed. Mr. Droege: Exception."

It is clear as the complaint originally stood that such evidence would have been incompetent, although it may have become admissible under the amended complaint in order to show the circumstances under which the arrest was made as bearing upon the question of malice, since the defendant was also a director of the Middelburg Corporation. Most of the subsequent testimony of the plaintiff related to the corporate transactions and touched upon the question of forgery, although the court stated upon the trial in his charge that the question of forgery was not involved and that the jury must accept as a fact that the plaintiff was an innocent man because of his discharge by the Magistrate's Court, a legal conclusion to which we cannot give assent.

The plaintiff was asked: " When Mr. Slavik signed the complaint in the police station, you knew of his previous endeavors to secure a warrant? A. Yes sir; we were several times in the Magistrate's Court. Mr. Droege: I object to his endeavors to get a warrant. Overruled. Exception. The Court: You were? Witness: Yes, on the same complaint."

The question involved a conclusion of the witness and should not have been permitted. The plaintiff also testified that

he did not " permit " (*sic*) Skrivanek to sign the complaint against him " because my information from South Africa was that he was a felon and not a citizen, " and it is undisputed that upon this protest by plaintiff to Skrivanek's signing the complaint, the defendant signed it. When the plaintiff rested his case the defendant moved to dismiss the complaint on the ground that no cause of action had been established. " [Defendant's counsel]: It is shown here by the plaintiff's * * * own testimony, that the arrest was not made or procured by the defendant in this case. The Court: It does not appear that this defendant instigated the arrest. [Plaintiff's counsel]: The police blotter says that the defendant made the arrest. The Court: But the plaintiff himself denies it; he says he was arrested by the policeman; he said, ' I came to arrest you,' and he went along with him. [Plaintiff's counsel]: He said that Slavik had made several attempts to obtain a warrant; that Slavik was waiting outside and went with the policeman; that Slavik accompanied them to the police — The Court: I suppose there is enough shown so that it will be a question for the jury. I will deny the motion to dismiss." The defendant excepted.

Aside from the untruthful statement entered upon the police blotter, which was improperly admitted in evidence, and the incompetent testimony of plaintiff that several attempts had been made by Slavik to obtain a warrant against him, there was no circumstance adduced on plaintiff's case other than that the defendant signed the complaint after the arrest, from which it could be fairly inferred that the defendant had any prior knowledge of the fact that the plaintiff had been arrested without a warrant or that he had instigated the arrest or directed or authorized it, without a warrant.

The evidence in behalf of the defendant tended to show that the police officer who made the arrest had received a telephonic message from the Old Slip Station House; that there were three men who came from the district attorney's office who asked for the arrest of a doctor named Luhan on a charge of forgery; that the police officer did not wish to arrest the plaintiff without a warrant, but that a tall man (Skrivanek) and the defendant Slavik insisted upon having the arrest made; that after having his memory prodded, he stated that he was

not certain whether it was or was not the defendant who insisted upon his making the arrest, and finally that it was the tall man who did all the talking and that "he is the one that insisted upon making the arrest."

In his charge the learned trial justice said: "Then the first important question as I have said is: What did this defendant have to do with causing the unlawful arrest of the plaintiff, in that proceeding before the Magistrate? It is not necessary to find that he was the sole cause of instigating the arrest. It is sufficient if you find he co-operated materially with the other who brought about that arrest; that is sufficient."

The court also charged the law of punitive damages as follows: "Consider the question fairly and squarely; did he bring about the false imprisonment of this man? Because that is what it was; he was discharged by the magistrate; his innocence declared and you and I must consider him innocent, just the same as we are all considered innocent of any crime, until we have been convicted — was this defendant responsible for it? If so, he is responsible for the damages that the plaintiff here and the defendant in that proceeding suffered, compensatory damages, and if they went ahead with a malicious and active desire to injure the plaintiff, you may find punitive damages. Or, if this defendant participated in what was done, recklessly and maliciously, with the purpose of injuring him, or hurting his reputation or otherwise, from that also you may infer the actual malice that would warrant punitive damages if you see fit to give them."

Defendant's counsel took exception to that portion of the charge in which the court said, "that the properly constituted court has determined and passed upon the guilt or innocence of the plaintiff."

The court was also asked by the defendant: "I ask your Honor to charge the jury that in this case there was no evidence to show that the defendant directed the officer or requested the officer to make the arrest. The Court: I so charge; I do not think in the testimony there is anything to show that this defendant specifically asked this officer to make the arrest; but we can use our common sense; we can take into consideration all that happened and use our powers of reasoning and draw such reasonable inferences as reasonable

men would draw from the facts and circumstances proved. Mr. Droege: I except to the qualification of my request to charge — to the remarks of the Court at the end of my request to charge."

We think that the learned trial court erred in charging " that the properly constituted court has determined and passed upon the guilt or innocence of the plaintiff." The fact that the magistrate did not hold the plaintiff to await the action of the grand jury was no evidence of the innocence of the plaintiff. It simply meant that the magistrate did not think that there was sufficient evidence submitted to him to justify the further holding of the plaintiff.

We are also of opinion that after both parties had rested, the case contained very scant evidence from which the inference could fairly be drawn that the defendant actively participated in the unlawful arrest of the plaintiff, meaning thereby an arrest without a warrant. In any event the verdict was not justified by the evidence and was against the weight thereof.

For these reasons and for the errors which have been indicated the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.