HENRY H. GELLES, Plaintiff, *v.* MAX ROSENBAUM, Defendant.

Supreme Court, Bronx County, October 21, 1931.

*Jay Leo Rothschild* [*Louis Rivkin* of counsel], for the plaintiff.

*Michael Lessin*, for the defendant.

HAMMER, J. This motion is by plaintiff, upon notice, for an order of arrest of the defendant before judgment and in advance of trial. The action is for false imprisonment. Section 826 of the Civil Practice Act, subdivision 2, under which the order is sought, provides: " Right to arrest depending upon the nature of the action. A defendant may be arrested in an action, as provided in this and the next article, where the action is brought for either of the following causes:   *   *   *

" 2. To recover damages for a personal injury."

The language is, in substance, the same as former section 549 of the Code of Civil Procedure, derived from section 179 of the Code enacted in 1860.

Under the wording used, particularly the permissive " may," the granting of the order rests in the sound discretion of the court. *Knickerbocker Life Insurance Co.* v. *Ecclesine* (42 How. Pr. 201 [N. Y. Super. Ct. Gen. Term, 1869]) was an affirmance on appeal of an order vacating an order of arrest before judgment. The General Term accepted the opinion of the Special Term in which it was held: " These provisions do not give the plaintiff an absolute right to an order of arrest; the language of the code is permissive only; the words of the code are not that the judge shall make the order, but merely that the order may be made. It therefore rests in the sound discretion of the judge to grant or refuse the order." (See, also, *Griswold* v. *Sweet*, 49 How. Pr. 171.)

Upon an application for an order of arrest in advance of judgment in *Davis* v. *Scott* (15 Abb. Pr. 127 [Com. Pleas, 1861]) the policy guiding the discretion of the court was stated as follows: " By the practice established in the Supreme Court when the Revised Statutes went into effect (1828), an order would not be granted for the arrest of a defendant in actions of assault and battery, libel, or slander, except slander of title, unless the defendant was a transient person, or was about to depart from the State, or unless in very extreme cases of violent and cruel batteries.

(*Clason* v. *Gould*, 2 Cai. 47; *Van Vechten* v. *Hopkins*, 2 Johns. 293; *Norton* v. *Barnum*, 20 id. 337; *Zimmerman* v. *Chrisman*, 7 Hill, 152; *Brooks* v. *McLellan*, 1 Barb. 247; 1 Dunlop's Pr. 106, 107.)

" This was conformable to the English practice. In actions where the damages are uncertain, says Tidd, as in actions for a tort, or trespass, it is not usual to grant an order to hold to bail except where there has been an outrageous battery or mayhem, or the defendant was about to quit the kingdom. (1 Tidd. 9 Lond. ed. 172.) * * *

" Before the Code, the granting of the order was in the discretion of the court or judge, and the plaintiff was not entitled to it as a matter of right. (*Hunt* v. *Hudson*, Barnes, 85.) And as the words of the Code are not that the judge *shall*, but that the order *may*, be made, we suppose that it was the intention of the Legislature that it should still continue to be a matter of discretion. It is a proper exercise of that discretion to grant it only in actions of assault and battery, libel or slander, where it would have been granted before, or in extreme cases of very outrageous batteries; or when it is shown, by affidavit, that the defendant is a non-resident; or, from facts and circumstances, that there is good reason to believe that he is about to, or may, depart from the State. It is our experience in this court, that such orders are constantly obtained in trivial actions of this description, which result usually in nominal damages."

The court, in the case of *Levy* v. *Bernhard* (2 App. Div. 336, 339), on a motion to vacate an order of arrest, stated the rule to be followed in the consideration thereof to be as follows: " The rule is laid down that when a motion for an order of arrest is made, although the right to arrest grows out of the cause of action, it is the duty of the court to examine the affidavits and to dispose of the case according to the just preponderance of the proof as contained in them."

This action, being for false imprisonment, is one of those enumerated in section 826, subdivision 2. (See Gen. Constr. Law, § 37-a, added by Laws of 1920, chap. 917.) The defendant caused plaintiff's arrest upon a charge of felony without first having obtained a warrant. Later defendant changed or modified the charge from feloniously, on July 18, 1931, taking steamship tickets valued at $626, to the complaint that the taking was on July 22, 1931, of $626, the proceeds of sale of such steamship tickets. Plaintiff and defendant had been doing business together for about three years. The plaintiff formerly had authority to sell steamship tickets as an authorized agent. This authority having been revoked, plaintiff by agreement with defendant continued to sell

steamship tickets by obtaining them for sale from defendant who had such authority. Although it appears the steamship companies sell tickets only through authorized agents, plaintiff asserts he was an independent agent. Defendant, on the other hand, claims plaintiff acted as defendant's agent or servant.

The issue between the parties arises out of certain checks given by plaintiff to defendant which were not paid when presented. Plaintiff states that regardless of their dates defendant agreed to present the checks only when notified by plaintiff to do so. Defendant denies such assertion and states that plaintiff as defendant's agent was to turn over the proceeds promptly on sale but misappropriated the funds received for the tickets.

No warrant having been obtained, the defendant has the burden of showing probable cause for the arrest under the circumstances. (*Farnam* v. *Feeley*, 56 N. Y. 451; *McLoughlin* v. *N. Y. Edison Co.*, 252 id. 202.) The magistrate before whom the complaint was heard dismissed same and discharged the plaintiff (defendant there). However, the fact that the magistrate did not hold the plaintiff to await the action of the grand jury is no evidence of innocence. (*Luhan* v. *Slavik*, 194 App. Div. 728; *Loughman* v. *L. I. R. R. Co.*, 83 id. 629; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Burt* v. *Smith*, 181 id. 1; *Danzer* v. *Nathan*, 145 App. Div. 448, 455; *Barber* v. *Gould*, 20 Hun, 446; *Turner* v. *Dinnegar*, Id. 465; *George* v. *Johnson*, 25 App. Div. 125.)

In *Reiss* v. *Levy* (165 App. Div. 1, at p. 3), where an order of arrest in an action for malicious prosecution was vacated upon appeal, it was said: " The discharge by the magistrate merely determines that the facts proven before him do not show probable guilt, but he did not consider whether the facts so appeared to the defendant as to justify him in believing them to be true and acting upon them. The Code of Criminal Procedure (§ 207) requires the magistrate to discharge a prisoner ' if it appear, either that a crime has not been committed, or that there is no sufficient cause to believe the defendant guilty thereof.' The magistrate presumably has the real facts evolved by an orderly system of judicial investigation. The complainant may in good faith act upon such facts, real or apparent, as would convince the judgment of a prudent man. If the magistrate hold the prisoner, his decision, I will assume, shows probable cause of guilt, and hence probable cause for causing the arrest. (*Francisco* v. *Schmeelk*, 156 App. Div. 335.) If he discharge him, it may be evidence that the real facts do not tally with the apparent facts, but that does not tend to show that the complainant was not justified in believing and acting upon the facts as they appeared to him. Hence, while the discharge acquits

the prisoner, it does not *per se* condemn the complainant, for probable cause for arrest is not necessarily inconsistent with a finding that there is not probable cause of guilt."

In *Dempsey* v. *Lepp* (52 How. Pr. 11), cited by the plaintiff as authority for an order of arrest here, a motion to vacate an order of arrest was denied. Defendant there, it appeared, not having any interest in a certain cow, caused three separate successive actions to be instituted against plaintiff for damages for injury to such cow. When issue was joined in each action and adjournments had by defendant (there plaintiff) he paid the costs and discontinued each action. It also appeared that defendant stated he commenced the suits to get even with plaintiff and would bring him to court again and again and again. The motion, by stipulation, was heard only on the affidavits upon which the order was made, and the facts which might readily be said to be outrageous and extreme in respect of plaintiff and a trifling with the process of the court, were held by the court to be such as justified the order of arrest.

The proof submitted here, however, is not convincing that defendant's arrest of plaintiff was so clearly illegal, without authority of law, and malicious, as to bring it within the category described as outrageous and extreme.

Although having the burden of showing probable cause for the arrest under the circumstances (*Farnam* v. *Feeley, supra; McLoughlin* v. *N. Y. Edison Co., supra*), defendant, if he proves all the facts he alleges, may succeed on the trial either in obtaining a verdict or in showing that plaintiff's damages are small or nominal.

There is no proof offered that the defendant is about to leave the State or that in the event of plaintiff's success the defendant is likely not to be amenable to process.

Arrest is an auxiliary remedy calculated to bring the defendant within the court's jurisdiction or to keep him within reach of the court's final process to answer the plaintiff's demand against him in the action. (5 C. J. § 81, p. 438.) In *People ex rel. Wolfe* v. *Johnson* (230 N. Y. 256, at p. 259) it was stated: "The very purpose of arrest under mesne process is to insure defendant's presence in obedience to final process (*People ex rel. Roberts* v. *Bowe*, 81 N. Y. 43, 45)."

As pointed out above, it is well settled that in an action of tort for the recovery of unliquidated damages, including an action for injury to person except in cases of mayhem, atrocious battery or seduction, or similar outrageous and extreme acts, the defendant will not be arrested and held in bail unless some special ground is shown or special circumstances appear making it necessary that

he shall be kept within reach of justice. (See *Smith* v. *Corbiere,* 16 N. Y. Super. 634; *Pflugheber* v. *Leske,* 2 McCarty Civ. Proc. 248; *Perry* v. *Wing,* 3 How. Pr. 13; as well as *Brooks* v. *McLellan, supra; Zimmerman* v. *Chrisman, supra; Norton* v. *Barnum, supra; Van Vechten* v. *Hopkins, supra; Davis* v. *Scott, supra.*)

Special circumstances ordinarily relied upon are non-residence of the defendant and circumstances from which it may be inferred that the defendant may not be in the jurisdiction to answer the judgment when rendered. (*Van Vechten* v. *Hopkins, supra.*) No such circumstances are shown here. The only apparent reason for the arrest sought is that plaintiff desires that defendant be punished for causing the arrest of plaintiff on the criminal charge.

The facts and circumstances shown do not justify the granting of the order to gratify that desire.

I am of the opinion that an order of arrest here would be a means of abuse and oppression. Sound discretion accordingly indicates this motion should be, and it is, denied.