GEORGIANNA MORGAN, Judgment Creditor, Plaintiff, *v.* GUSTAVE K. COHEN, Judgment Debtor, Defendant.

City Court of New York, Special Term, Bronx County, June 29, 1938.

*Norman Siegel*, for the plaintiff.

Defendant in person, opposed.

DONNELLY, J. The action was brought by plaintiff to recover damages for personal injuries sustained by her on October 9, 1935, when she was struck by defendant's automobile driven by him, at or near the intersection of One Hundred and Seventy-eighth street and Bathgate avenue, Bronx county.

No claim is made by plaintiff's attorney that the accident to his client was the result of any wanton or malicious conduct on the part of this defendant.

After a trial before me on the 21st day of February, 1938, judgment was awarded to plaintiff in the sum of $1,500. Thereafter, and on the 24th day of February, 1938, judgment was duly entered in this court in the sum of (inclusive of costs) $1,600.45. On May 3, 1938, an execution against the property of this defendant was duly issued and returned unsatisfied. On March 25, 1938, and on April 28, 1938, the defendant was examined in proceedings supplementary to said judgment.

The pending application came on before me on May 26, 1938, at which time it was directed that the defendant judgment debtor be examined for the purpose of ascertaining his present financial condition. That examination was had, and from it, it appears that the judgment debtor, who is about twenty-five years of age, has no assets or property of any kind or description applicable to the satisfaction, in whole or in part, of the judgment. He is married; there are no children; since December, 1936, he has earned approximately $500 on odd jobs he has been able to obtain occasionally; prior to November, 1937, his wife, at intervals, did millinery work for individuals who hired her; since that time she has earned nothing; in February, 1938, the judgment debtor made an unsuccessful application for unemployment insurance benefits; his rent for the month of April, 1938, is, or at least was at the time of his last examination, unpaid. From a few questions addressed by me to the judgment debtor in the presence of plaintiff's attorney at the time of the hearing of the pending application, it may be gathered that he and his wife are the recipients of occasional assistance from his, and perhaps her, mother.

From all of the foregoing, it is impossible to perceive how any practical result can be achieved by the judgment creditor by the incarceration of the judgment debtor, assuming — and as to this there is grave doubt — that the judgment creditor is entitled as a matter of law to the issuance of an execution against the person of the judgment debtor.

Section 764 of the Civil Practice Act before the amendment hereinafter quoted, read: " Where a judgment can be enforced by execution, as prescribed in section five hundred and four of this act, an execution against the person of the judgment debtor may be issued thereupon, subject to the exception specified in the next section, in either of the following cases: 1. Where the plaintiff's right to arrest the defendant depends upon the nature of the action. 2. In any other case, where an order of arrest has been granted and executed in the action, and, if it was executed against the judgment debtor, where it has not been vacated."

We are not concerned with the "exception specified in the next section." It refers to an execution against the person of a woman.

By chapter 279 of the Laws of 1936, section 764 of the Civil Practice Act was amended to read as follows: "Where a judgment can be enforced by execution, as prescribed by section five hundred and four of this act, an execution against the person of the judgment debtor may be issued thereupon, *to the sheriff of any county where the judgment debtor may be found,* subject to the exception specified in the next section, *by a judge or justice of a court of record only, without notice; or with such notice as the court or the judge or justice thereof may direct, setting forth in detail the right of the party to the execution, the amount of the judgment, the amount unpaid, the time when and place where the execution against his personal property has been returned wholly or partially unsatisfied, and such other matters as the judge, justice or court issuing the same may require,* in either of the following cases." The only changes made by the amendment are the words italicized. Subdivisions 1 and 2 of section 764 are continued. So that, as the law now stands, this plaintiff's right to an execution against the person of the defendant still depends upon the question of whether or not the nature of the action is such that she would be entitled to arrest the defendant in the first instance.

The plaintiff's right to arrest the defendant is prescribed by section 826 of the Civil Practice Act, the pertinent parts of which read: " A defendant may be arrested in an action, * * * where the action is brought for, either of the following causes: * * * 2. To recover damages for a personal injury."

In *Frank* v. *Tuthill* (241 App. Div. 720 [1st Dept.]) the court, in an opinion *per curiam,* held: " The order of arrest in a personal injury case rests in the sound discretion of the court. The record on this application does not justify the exercise of such discretion in favor of the plaintiff. (See *Gelles* v. *Rosenbaum,* 141 Misc. 588; *Levy* v. *Bernhard,* 2 App. Div. 336; *Reiss* v. *Levy,* 165 id. 1.) " In *Gelles* v. *Rosenbaum* (*supra*) the court said: " As pointed out above, it is well settled that, in an action for tort for the recovery of unliquidated damages, including an action for injury to person except in cases of mayhem, atrocious battery, or seduction, or similar outrageous and extreme acts, the defendant will not be arrested and held in bail unless some special ground is shown or special circumstances appear making it necessary that he shall be kept within reach of justice." (Citing cases.)

In *Ossmann* v. *Crowley* (101 App. Div. 597 [1st Dept.]), decided February, 1905, it was held that in an action brought to recover damages for personal injuries sustained by the plaintiff in conse-

quence of the negligence of the defendant, a judgment recovered by the plaintiff may be enforced by an execution against the defendant's person although the negligent act upon which the action was based was not committed by defendant personally, but by his servant. In that case the court appears to have based its decision solely upon the ground that an injury to the person is an actionable injury giving to the plaintiff the right to arrest the defendant and also the right to an execution against his person in the event of a judgment against him by the plaintiff in such action, wholly without regard to the circumstances surrounding the accident in which the injury was sustained. According to this ruling, execution in such an action must issue against the person of the defendant. Judicial discretion may not be invoked or exercised, but the court is bound to grant an application for the issuance of an execution against the person of the defendant in any case in which judgment is recovered for an actionable injury to the person of the plaintiff. It is impossible to reconcile *Ossmann* v. *Crowley* with the reasoning stated in the fairly recent decision in *Frank* v. *Tuthill* (*supra*), where it is said that the court's sound discretion, exercised in the light of the circumstances, must be the rule to guide it in granting or refusing the application.

Application denied.